

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ | CIVIL ACTION |
| VERSUS | NO. 00-0127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(B) and (C). The defendant, Washington Correctional Institute filed a **Motion to Dismiss (doc# 8)**, asserting that since it does not have the capacity to sue or be sued, the plaintiff has failed to state a claim against it for which relief can be granted.

### I.  Factual Summary

The plaintiff, **Jorge M. Estevez**, is incarcerated in the Washington Correctional Institute. He filed his complaint *pro se* and *in forma pauperis* pursuant to Title 42 U.S.C. § 1983. The plaintiff asserts that Jameela Y. Arshad and the Washington Correctional Institute failed to provide him with proper medical treatment in violation of the Eight Amendment of the United States Constitution.

DATE OF ENTRY
MAR 1 5 2000

——————————— MAR 1 5 2000

DATE OF MAILING _____



II      <u>Capacity to Sue and Be Sued</u>

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

In doing so, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). *See also Macias v. Raul A. (Unknown), Badge No.* 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker*, 2 F.3d at 116.

Louisiana Revised Statute 36:401 provides that adult penal institutions are under the jurisdiction of the Department of Public Safety and Corrections. Further, Louisiana Revised Statute 36:401 mandates that suit must be brought against the Department of Public Safety and Corrections, and not the individual penal institutions. Therefore, Estevez's claim against the Washington Correctional Institute should be dismissed as frivolous pursuant to 28 U.S.C.1915(e)(2).

---

[1] The Court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

III. **RECOMMENDATION**

It is therefore **RECOMMENDED** that the **Motion to Dismiss Washington Correctional Institute for Failure to State a Claim upon which Relief can be Granted (doc# 8)** be **GRANTED** on the grounds that the claims against the institution are frivolous pursuant to 28 U.S.C. 1915(e)(2).

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 15th day of March 2000.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE