U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    MAR 1 3 2000
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JORGE M. ESTEVEZ | CIVIL ACTION

Vs. | NO: 00-127

JAMEELA Y. ARSHAD, M.D., ET AL | SECTION: "R" (4)
WASH. CORR. INSTITUTE |

## MOTION FOR EXTENTION AND CORRECT PROCESS

TO THE COURT:

PRO SE COUNSEL INCITE THE COURT FOR AN EXTENTION AND FOR CORRECTION OF PROCESS. THE FOLLOWING FACTS ARE PERTINENT:

1.) ON JANUARY 14, 2000, A "PAUPER ORDER" SIGNED MAGISTRATE KAREN W. ROBY WAS FILED. PLAINTIFF WAS ALLOWED TO PROCEED IN FORMA PAUPER.

2.) THE JANUARY 14, 2000 PAUPER ORDER DID NOT ORDER THE CLERK OF COURT TO WITHHOLD SERVICE OF PROCESS ON THE DEFENDANTS MADE A PART OF THE LITIGATION.

3.) ON FEBRUARY 4, 2000 THE UNITED

DATE OF ENTRY
MAR 2 0 2000

Fee
Process
X Dktd
X CtRmDep
Doc.No.

— PAGE 1 OF 8 —

STATES MARSHAL SERVICE ATTEMPTED TO EFFECT SERVICE OF PROCESS ON DEFENDANT JAMEELA Y. ARSHAD TO NO AVAIL BECAUSE THE DEFENDANT IS "NO LONGER EMPLOYED BY WASHINGTON CORR. INSTITUTE."

4.) ON FEBRUARY 4, 2000, THE "UNITED STATES MARSHALS PROCESS RECIEPT AND RETURN OF SERVICE FORM" UNEXECUTED AS TO DEFENDANT ARSHAD WAS DEPOSITED WITH THE CLERK BY THE U.S. MARSHAL. THE FORM WAS SIMULTANEOUSLY FILED IN THE RECORD. EXHIBIT "A" HEREWITH.

5.) IN LIGHT OF THE STATEMENTS MADE ON PARAGRAPH THREE HEREOF [WHICH ARE RECORDED ON THE U.S. MARSHALS PROCESS AND RETURN OF SERVICE FORM], IT IS CONTENDED THAT THE U.S. MARSHAL "UNREASONABLY" FAILED TO TAKE ADDITIONAL STEPS TO LOCATE DEFENDANT ARSHAD - WHERE-EVER SHE MAY BE FOUND.

6.) THE RETURN OF SERVICE FORM DOES

— PAGE 2 OF 8 —

INDICATE THAT THE U.S. MARSHAL MAKE *DID NOT*
ANY EFFORT TO LOCATE DEFENDANT
ARSHAD BEYOND THE PRISON WALL,
I.E., HER RESIDENTIAL PLACE OF
ABODE IN THE STATE OF LOUISIANA,
OR ANY OTHER STATE.

7.) THE FORM DOES NOT INDICATE
   THAT THE U.S. MARSHAL ATTEPTED
   TO OBTAIN THE LAST KNOWN ADDRESS
   OF DEFENDANT ARSHAD FROM W.C.I.,
   WARDEN ED C. DAY. OR DEPARTMENT
   OF CORRECTIONS SECRETARY RICHARD
   L. ~~STADLER~~ STALDER.

8.) THE RETURN OF SERVICE FORM UN-
   EXECUTED AS TO DEFENDANT ARSHAD
   DOES SUBSTANTIALLY SHOW THAT
   PLAINTIFF ESTEVEZ PROVIDED THE
   CORRECT NAME AND PLACE OF EM-
   PLOYMENT OF THE DEFENDANT AT
   THE TIME OF INCIDENT IN QUESTION

9.) UNDER THOSE CIRCUMSTANCES,
   PERSUASIVE LAW [RELIED ON BY
   THE FIFTH CIRCUIT TO EFFECT ITS
   RULING] INDICATE THAT THE U.S.
        —PAGE 3 OF 8—

MARSHAL ACTED UNREASONABLY IN
FAILING TO TAKE OTHER STEPS to
LOCATE THE DEFENDANT ARSHAD.
GRAHAM V. SATKOSK, 51 F. 3d 710,
712 — 713 (4TH CIR. 1995); LINDSEY
V. U.S. R.R. RETIREMENT Bd., 101
F. 3d 444, 447 + N.4 (5TH CIR 1996)

10.) COMMENTING ON A PRIOR CASE, THE
    FIFTH CIRCUIT NOTED IT HAS HELD THAT
    "A PLAINTIFF PROCEEDING IN FORMA
    PAUPERIS IS ENTITLED TO RELY UPON
    SERVICE BY THE U.S. MARSHALS.
    AND SHOULD NOT BE PENALIZED
    FOR FAILURE OF THE MARSHAL'S
    SERVICE TO PROPERLY EFFECT
    SERVICE OF PROCESS, WHERE
    SUCH FAILURE IS THROUGH NO FAULT
    OF THE LITIGANT." LINDSEY VS.
    U.S. R.R. RETIREMENT Bd., 101 F. 3d
    AT 446-447.

11.) THE LINDSEY COURT ULTIMATELY
    HELD THAT ITS HOLDING IN THE
    PRIOR CASE DOVETAILS WITH THE
    VIEW AMONG THE SISTER CIRCUITS
    THAT  " . . . IN FORMA PAUPERIS

PLAINTIFF'S FAILURE TO PROPERLY SERVE A DEFENDANT IS ATTRIBUTABLE to GOVERNMENT PERSONEL WHO IMPROPERLY PERFORMED THEIR DUTIES." <u>LINDSEY</u>, 101 F. 3d AT 447 + N. 4.

12.) UNDER THOSE CIRCUMSTANCES, THIS COURT SHOULD ORDER THE UNITED STATES MARSHAL SERVICE TO LOCATE AND PROPERLY SERVE DEFENDANT ARSHAD WHERE-SO-EVER SHE MAY BE FOUND.

13) THIS COURT SHOULD ALSO GRANT PLAIN-TIFF AN ADDITIONAL (60) DAYS TO THE (120) DAYS GIVEN IN RULE 4 (M), FED. CIV. P., TO EFFECT SERVICE OF PROCESS ON DEFENDANT ARSHAD.

14.) THE (120) DAY TIME LIMIT WITHIN WHICH TO EFFECT SERVICE OF PROCESS IS SUBJECT TO AN EXTENSION FOR "GOOD CAUSE." <u>HENDERSON VS. UNITED STATES</u>, 116 S. CT. 1638, 1641 N. 5 + 1643 N. 10 (1996)

15.) WHEN A DISTRICT COURT ENTERTAINS A MOTION TO EXTEND TIME FOR SERVICE, IT MUST FIRST DETERMINE WHETHER

GOOD CAUSE EXISTS. THOMPSON VS. BROWN, 91 F.3d 20, 21 (5TH CIR. 1996).

16.) IF GOOD CAUSE IS PRESENT, THE DISTRICT COURT MUST EXTEND THE TIME WITHIN WHICH TO EFFECT SERVICE OF PROCESS ON THE DEFENDANT. THOMPSON VS. BROWN, 91 F.3d AT 21.

17.) PLAINTIFF CONTENDS THAT HE HAS SHOWN GOOD CAUSE. GRAHAM VS. SATKOSKI, 51 F.3d AT 713 (IF THE MARSHALS SERVICE COULD HAVE OBTAINED THE NEW ADDRESS OF THE DEFENDANTS WITH REASONABLE EFFORTS, THE MARSHALS' FAILURE TO SERVE PROCESS WAS "GOOD CAUSE" FOR PURPOSES OF RULE 4 (M).

WHEREFORE, PLAINTIFF PRAYS:
A.) THAT THE COURT READ THIS PRO SE MOTION BEFORE THE COURT LIBERALLY.

B.) THAT A HEARING BE HELD TO DECIDE IF OTHER STEPS WERE HAD TO EFFECT SERVICE.

C.) THAT, IN THE ALTERNATIVE, THE COURT GRANT (60) MORE DAYS TO THE (120) DAYS WITHIN WHICH

— PAGE 6 OF 8 —

TO EFFECT SERVICE OF PROCESS. IN ACCORDANCE
WITH CONTROLLING LAW.

D.) THAT THE MARSHAL SERVICE BE ORDERED TO
LOCATE AND SERVE DEFENDANT JAMEELA
Y. ARSHAD, WHERE-SO-EVER SHE MAY NOW
BE.

SUBMITTED BY:

s/ _Jorge M. Estevez_

MR. JORGE M. ESTEVEZ, PRO SE

## ORDER

IT IS ORDERED THAT PLAINTIFF JORGE
M. ESTEVEZ IS GIVEN 60 MORE DAYS FROM
MAY 14, 2000, TO EFFECT SERVICE ON DEFENDANT
JAMEELA Y. ARSHAD.

SIGNED AND FILED, THIS 17th DAY OF March 200.
NEW ORLEANS, LOUISIANA.

The plaintiff
must first provide
an address to
the court regarding
the defendant. The
court will not
order the Marshal
to serve the defendant
where to may
be found.

s/ Karen Roby

KAREN ROBY, U.S. MAGISTRATE

## SERVICE CERTIFICATE

I, VIA 28 U.S.C. SEC. 1246, UNDER PENALTY
OF PERJURY, HEREBY CERTIFY THE FOLLOWING:

— PAGE 7 OF 8 —