U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  MAR 22 2000
LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORGE M. ESTEVEZ | CIVIL ACTION

VS. | NO. 00-127

JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4)

## MOTION TO AMEND AND SUPPLEMENT COMPLAINT

TO THE COURT:

Pro se plaintiff Jorge M. Estevez moves to amend and supplement his complaint pursuant to Rule 15(a), Fed. R. Civ. P., for the following:

1.) Plaintiff, contrary to law, did name Washington Correctional Institute in his original complaint as a defendant.

2.) The entity, established by LSA-R.S. 36:401, is protected from suit by the Eleventh Amendment of the United States Constitution. <u>Champagne vs. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312, 313-14 (5th Cir. 1999)(per curiam).

DATE OF ENTRY
MAR 27 2000

PAGE 1 OF 7

3.) THE AMENDED AND SUPPLEMENTAL COMPLAINT WILL FULLY NAME THE PROPER PARTY DEFENDANTS INVOLVED IN THE SCHEME TO DENY ME MEDICALY PRESCRIBED TREATMENT AND FOR THE DISCRIMINATORY ACTIONS AGAINST PLAINTIFF.

4.) GENERALLY A DISTRICT COURT ERRS IN DISMISSING A PRO SE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) WITHOUT GIVING THE PLAINTIFF AN OPPORTUNITY TO AMEND. BAZROWX Vs. SCOTT, 136 F. 3d 1053, 1054 (5TH CIR. 1998)(PER CURIAM); PANGBURN Vs. CULBERSTON, 200 F. 3d 67, 70 (2ND CIR. 1999); LOPEZ Vs. SMITH, 97, 16987 (9TH CIRC 2000) (EN BANC)

5.) THE FIFTH CIRCUIT, LIKE THE OTHER FEDERAL COURTS, HELD THAT THE DISTRICT COURT ERRED IN FAILING TO GIVE PLAINTIFF AN OPPORTUNITY TO AMEND HIS COMPLAINT. BAZROWX Vs. SCOTT, 136 F. 3d AT 1054.

6.) SUCH ERROR, THE FIFTH CIRCUIT HELD, MAY BE AMELORATED [ONLY] IF THE PLAINTIFF HAS ALLEGED HIS BEST CASE, OR IF THE DISMISSAL WAS WITHOUT PREJUDICE. SEE

<u>BAZROWX vs. SCOTT</u>, 136 F.3d at 1054 (ORIGINAL TEXT).

7.) PLAINTIFF HAS NOT PLEAD HIS BEST CASE. PLAINTIFF IS NOW AWARE WHO THE PROPER PARTIES ARE AND OF THE FACT THAT HE MAY ATTACH COPIES OF HIS ADMINISTRATIVE PAPERS TO THE ATTACHED AMENDED COMPLAINT TO SHOW PERSONAL INVOLVEMENT OF EACH DEFENDANT AND THAT A CLAIM EXISTS, FED. R. CIV. P. 10 (c)

8.) INTERPRETING RULE 10 (c), THE FIFTH CIRCUIT HAS HELP THAT THE FACTS OF A CASE MAY BE FORMED FROM ATTACHMENTS TO THE COMPLAINT. <u>NEVILLE VS. AMERICAN REPUBLIC INS Co.</u>, 912 F.2d 813, 814 N.1 (5TH CIR. 1990) (THE FACTS PRESENTED HERE ARE THEREFORE TAKEN FROM HIS COMPLAINT, INCLUDING THE SEVERAL ATTACHMENTS TO IT.) (TEXT), CITING F.R.CIV. P. RULE 10 (c).

9.)

9.) THE ATTACHMENTS TO THE "ORIGINAL COMPLAINT" THUS FAR INDICATE WHO ARE THE PROPER PARTIES PERSONALLY INVOLVED IN THE SCHEME TO DENY ADEQUATE PRESCRIVED MEDICAL TREATMENT,

10.) The persons who signed the attachments may be sued. Wakerfield vs. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) (All allegations that a prison official has ignored the instructions of a prisoner's treating physician [once prescribed] are sufficient to state a claim for deliberate indifference)(text)

11.) Personal involvement may be shown by the filing of an administrative report, letters or likewise. See Smith vs. Brengetty, 158 F.3d 901 (5th Cir. 1998); Vance vs. Peters, 97 F.3d 987, 993 (7th Cir. 1996); Williams vs Smith, 781 F.2d 319, 323-24 (2nd Cir. 1986); Langley vs. Coughlin, 709 F.Supp. 482, 486 (S.D.N.Y. 1989); Strachan vs. Ashe, 548 F.Supp. 1193, 1204 (D. Mass. 1982)

12.) In light of the fact that no attorney has filed a "responsive" pleading [a answer] thus far, this court should freely permit plaintiff Estevez to file an amended and supplemental complaint in place of the original one filed on January 14, 2000. F.R.Civ.P. 15(A); Barksdale vs. King, [see next page for cite]

PAGE 4 OF 7

699 F. 2d 744, 746-747 (5th Cir. 1983); Horton vs Cockrell, 70 F.3d 397 (5th Cir. 1995).

13.) Plaintiff contends that it would not be in the interest of judicial economy to deny the motion because a separate suit could be filed. See Northern Assur. Co. of America vs. Square D Co., 201 F.3d 84, 83-89 (2nd Cir. 2000) (when a litigant files consecutive lawsuits against separate parties for the same injury, the entry of judgement in the prior action does not bar the claims against other potentially liable parties).

Wherefore, Plaintiff prays:

A.) That the court, by law, liberally construe the pro se pleading.

B.) That the motion to amend and supplement complaint be viewed as filed at the time it was given to the prison for mailing.

C.) That plaintiff's right to amend and supplement the original complaint be

PRESERVED BY VIRTUE OF THIS MOTION TO AMEND AND SUPPLEMENT THE ORIGINAL COMPLAINT.

D.) THAT THIRTY (30) DAYS BE GIVEN TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT.

SUBMITTED BY:
s/ Jorge M. Estevez
JORGE M. ESTEVEZ, PRO SE

## ORDER

MOTION TO AMEND CONSIDERED;

IT IS ORDERED THAT THE PLAINTIFF FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT IN THIRTY (30) DAYS OF THIS ORDER.

SIGNED AND FILED, THIS 24th DAY OF March 2000, N.O., LA.

s/ [signature]
KAREN W. ROBY, U.S MAGISTRATE
U.S EASTERN DISTRICT COURT

## SERVICE CERTIFICATE

I, VIA 28 U.S.C. SEC 1746, UNDER PENALTY OF PERJURY, HEREBY CERTIFY THE FOLLOWING:

PAGE 6 OF 7