U.S. DISTRICT COURT
Eastern District of Louisiana

FILED APR 0 3 2000

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORGE M. ESTEVEZ         CIVIL ACTION

VS                       NO: 00-CV-127

JAMEELA Y. ARSHAD, ET AL   SECTION "R" (4)

## MOTION FOR SERVICE OF PROCESS AND EXTENSION

TO THE COURT:

PRO SE COUNSEL INCITE THE COURT FOR SERVICE OF PROCESS AND EXTENSION TO PERFECT PROCESS. THE FOLLOWING STATEMENTS ARE MADE IN SUPPORT OF THE MOTION:

1.) ON MARCH 9, 2000, A PLEADING-MOTION FOR EXTENSION AND CORRECT PROCESS - WAS MAILED. THIS COURT WAS ASKED TO HAVE THE MARSHAL FIND AND SERVE DEFENDANT ARSHAD.

DATE OF ENTRY
APR 2 4 2000

2.) ON MARCH 20, 2000, THE ORDER DENYING THE MOTION WAS ENTERED ON DOCKET BY THE CLERK. THE ORDER MAILED WITH THE MOTION WAS SIGNED THREE DAYS PRIOR TO MARCH 20, 2000.

3.) ON MARCH 22, 2000, PLAINTIFF SIGNED AN "INCOMING

LEGAL MAIL RECEIPT LOG" KEPT BY THE PRISON. LEGAL MAIL WAS RECEIVED FROM THIS COURT. ENCLOSED WAS AN ORDER REGARDING PLAINTIFF'S MOTION.

4) MOTION FOR CORRECT PROCESS WAS DENIED. MAGISTRATE ROBY INDICATED ON THE ORDER THAT "PLAINTIFF MUST FIRST PROVIDE AN ADDRESS TO THE COURT REGARDING THE DEFENDANT. THE COURT WILL NOT ORDER THE MARSHAL TO SERVE THE DEFENDANT 'WHERE-EVER.'"

5.) PLAINTIFF THEN WROTE WASHINGTON CORR. INSTITUTE [WCI] WARDEN ED C. DAY ON MARCH 23, 2000. HE WAS INFORMED OF THE FILING OF, AND THE REASONS FOR, THE DENIAL OF THE MOTION FOR CORRECT PROCESS. WARDEN DAY WAS THEN ASKED TO PROVIDE THE ADDRESS OF DEFENDANT ARSHAD. SEE EXHIBIT "A."[1]

6.) LEGAL LIASON DAISY WASCOM RESPONDED ON MARCH 27, 2000, BY MEANS OF THE ATTACHED ONE PAGE LETTER ON BEHALF OF WCI WARDEN DAY. SHE, AS PROVIDED TO HER, INDICATED THE ADDRESS OF THE DEFENDANT IS JAMEELA Y.

---

7.) DEPARTMENT OF CORRECTIONS SECRETARY RICHARD STALDER WAS ALSO WRITTEN A TWO PAGE LETTER AS WITH WARDEN DAY, REQUESTING THE ADDRESS OF DEFENDANT ARSHAD. HE HAS NOT RESPONDED AS OF THE DATE OF MAILING THIS MOTION. SEE EXHIBIT "B" HEREWITH.

PAGE 2 OF 6

ARSHAD, 133 CHATEAU STR., MICHEL DRIVE, KENNER, LOUISIANA 70065. SEE EXHIBIT "C" HEREWITH.[2]

7.) UNDER THE CIRCUMSTANCE INDICATED IN THE PRECEDING PARAGRAPHS, THIS COURT SHOULD FOREWITH ISSUE AN ORDER DIRECTING THE U.S. MARSHAL TO PERFECT SERVICE OF PROCESS ON DEFENDANT JAMEELA Y. ARSHAD.

RULE 4(M) EXTENSION:

8.) THIS COURT SHOULD ALSO GRANT PLAINTIFF AN ADDITIONAL (60) DAYS TO THE (120) DAYS GIVEN IN RULE 4(M), F.R.CIV.P. TO PERFECT SERVICE OF PROCESS ON DEFENDANT ARSHAD.

9.) THE (120) DAY TIME LIMIT WITHIN WHICH TO PERFECT SERVICE OF PROCESS IS SUBJECT TO AN EXTENSION FOR "GOOD CAUSE." HENDERSON VS. UNITED STATES, 116 S. CT. 1638, 1641 N.5 & 1643 N.10 (1996)

---

2. PLAINTIFF RECEIVED THE RESPONSE OF WARDEN DAY ON MARCH 27, 2000, AND SENT FOR COPIES THE NEXT DAY. REQUEST FOR COPIES OF THIS MOTION WAS MADE ON MARCH 30, 2000, FOR THE PURPOSE OF SENDING A COPY TO ATTORNEY MICHEAL PENN AND MAILING THE ORIGINAL ON APRIL 3, 2000, TO THE COURT.

10.) When a district court entertains a motion to extend time for service, it must first determine whether good cause exists. <u>Thompson vs. Brown</u>, 91 F.3d 20, 21 (5th Circ. 1996).

11.) If good cause is present, the district court <u>must</u> extend the time within which to effect process on the defendant. <u>Thompson vs. Brown</u>, 91 F.3d at 21.

12.) What amounts to "good cause" under any particular set of circumstances is necessarily fact-sensitive. See <u>Lindsey vs. U.S. Railroad Retirement Bd.</u>, 101 F.3d 444, 446 (5th Cir. 1996) (text).

13.) As "good cause" for the Rule 4(m) extension, plaintiff rely on the facts stated in the "Motion for Extension and Correct Process" at paragraphs (3-8) surrounding the Marshal's failure to take other reasonable steps at the outset of process to find and serve defendant Arshad after he discovered she no longer worked for WCI, an entity of the state.

14.) Presented with these circumstances, the Seventh Circuit held "good cause" had been established. The Fifth Circuit later adopted the reasoning

OF THE 7TH CIRCUIT. SEE <u>LINDSEY VS U.S. RAILROAD RETIREMENT Bd.</u>, 101 F.3d AT 447 & N.4; <u>GRAHAM VS. SATKOSK</u>, 51 F.3d 710, 713 (7TH CIR. 1995) (CONSTRUED RULE 4(M)).

15.) HAD THE MARSHAL IN THIS CASE TAKEN AN ADDITIONAL STEP LIKE PLAINTIFF HAS DONE THUS FAR TO OBTAIN THE ADDRESS OF DEFENDANT ARSHAD, PLAINTIFF WOULD NOT HAVE HAD TO FILE FOR A RULE 4(M) EXTENSION. SERVICE OF PROCESS WOULD HAVE BEEN COMPLETED BY NOW.

WHEREFORE, IT IS PRAYED:

A.) THAT SERVICE BE ORDERED ON DEFENDANT JAMEELA Y. ARSHAD FORTHWITH.

B) THAT (60) MORE DAYS TO PERFECT SERVICE BE ADDED TO RULE 4(M).

s/ Jorge M. Estevez
MR. JORGE M. ESTEVEZ, PRO SE

## ORDER OF COURT

THE MOTION CONSIDERED:
    IT IS HEREBY ORDERED AS FOLLOWS:
1.) THAT THE CLERK CAUSE THE U.S. MARSHAL TO SERVE DEFENDANT JAMEELA Y. ARSHAD AT THE ADDRESS PROVIDED ON EXHIBIT "C" WITH THE FOREGOING MOTION

PAGE 5 OF 6

2.) THAT (60) MORE DAYS IS ADDED TO RULE 4(M), F.R.CIV.P., FOR PLAINTIFF TO PERFECT SERVICE OF PROCESS ON DEFENDANT ARSHAD.

s/ [signature]
KAREN W. ROBY, MAGISTRATE
U.S. EASTERN DISTRICT COURT

### SERVICE CERTIFICATE

I, THE UNDERSIGNED, UNDER PENALTY OF PURJURY PURSUANT TO 28 U.S.C.A. SEC. 1746, HEREBY CERTIFY THE FOLLOWING:

1.) THAT A COPY AND ORIGINAL MOTION WAS MAILED TO THE APPROPRIATE PERSONS [CLERK LORETTA WHYTE, U.S. EASTERN DISTRICT COURT, 500 CAMP STR, N.O., LA. 70130 AND ATTORNEY M. PENN, 601 POYDRAS STR, SUITE 1725, N.O., LA. 70130] BY MEANS OF AN INMATE WITHDRAWAL FORM TO PAY THE MAILING POSTAGE FEES.

SIGNED AND DONE, THIS 31ST DAY OF MARCH, 2000, 6:00 A.M.

s/ Jorge Estevez
MR. JORGE M. ESTEVEZ   75111
WASHINGTON CORR. INSTITUTE
27268 HWY. 21, RAIN ONE
ANGIE, LOUISIANA   70426