UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JORGE M. ESTEVEZ | CIVIL ACTION

VS. | NO: 00-CV-127

JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4)

## NOTICE OF RULE 41(A)(1)(i) DISMISSAL

TO THE COURT:

ENTRY OF AN ORDER IS SOUGHT FOR THE DISMISSAL OF THIS CASE WITHOUT PREJUDICE. THE FOLLOWING REASONS ARE MADE IN SUPPORT OF THE NOTICE:

1) A DOCUMENT STYLED AS A "NOTICE OF DISMISSAL," AS HERE, IS SUFFICIENT TO INFORM THE COURT OF PLAINTIFF'S INTENT UNDER RULE 41(A)(1)(i), F.R.CIV.P. SEE CARTER VS. U.S., 547 F.2d 258, 259 N.2 (5TH CIR. 1977).

2) RULE 41(A)(1)(i), STATES, IN SUMMARY, THAT A LAWSUIT MAY BE DISMISSED WITHOUT ORDER OF COURT PRIOR TO THE FILING OF AN ANSWER OR MOTION FOR SUMMARY JUDGEMENT, WHICH ARE BOTH CONSIDERED RESPONSIVE PLEADINGS. SEE WILLIAMS VS. EZELL, 531 F.2d 1261, 1263 N.2 (5TH CIR. 1976); ZAIDI VS. EHRLICH, 732 F.2d 1218, 1219-20 (5TH CIR. 1984).

PAGE 1 OF 8

3.) A PLAINTIFF HAS AN "ABSOLUTE RIGHT" TO DISMISS A LAWSUIT BEFORE THE FILING OF AN ANSWER OR MOTION FOR SUMMARY JUDGMENT. SEE <u>CARTER VS. U.S.</u>, 547 F.2d AT 259.

4.) THE FIFTH CIRCUIT HAS LONG HELD THAT RULE 41(A)(1)(i) "MEANS PRECISELY WHAT IT SAYS." SEE <u>WILLIAMS VS. EZELL</u>, 531 F.2d AT 1263 (CITE OMITTED); <u>CARTER VS. U.S.</u>, 547 F.2d AT 259 (CITES OMITTED).

5.) UNLESS A DEFENDANT HAS FILED AN ANSWER OR MOTION FOR SUMMARY JUDGMENT, THE GOVERNING PROVISION IS RULE 41(A)(1)(i). SEE <u>CARTER VS. UNITED STATES</u>, 547 F.2d AT 259 (TEXT).

6.) THE FILING OF A NOTICE THEREFORE CLOSES THE FILES. THERE IS NOTHING A DEFENDANT CAN DO TO FAN LIFE INTO THE SUIT, AND THE COURT HAS NO OTHER ROLE TO PLAY. THE RIGHT MAY NOT BE EXTINGUISHED OR CIRCUMSCRIBED BY THE COURT, OR LIKEWISE. SEE <u>AMERICAN SOCCER CO. INC. VS. SCORE FIRST ENTERP.</u>, 187 F.3d 1108, 1110 (9TH CIR. 1999), CITING <u>AMERICAN CYANAMID CO. VS. MEGHEE</u>, 317 F.2d 295, 297 (5TH CIR. 1963).[1]

---

2.) PLAINTIFF REQUESTS THAT THE COURT ALSO REVIEW OTHER PERSUASIVE LAW. SEE <u>COMMERCIAL SPACE MANAGEMENT CO. INC. VS. BOEING CO. INC.</u>, 193 F.3d 1074 (9TH CIR. 1999).

PAGE 2 OF 8

7.) TO PREVENT A PLAINTIFF FROM SECURING A DISMISSAL UNDER RULE 41(A)(1)(i), A DEFENDANT MAY DO SO BY TAKING THE SIMPLE STEP OF FILING AN ANSWER. SEE <u>CARTER vs. UNITED STATES</u>, 547 F.2d AT 259; <u>AMERICAN SOCCER Co. INC. vs. SCORE FIRST ENTEP</u>, 187 F.2d AT 1108.

8.) DEFENDANT JAMEELA Y. ARSHAD HAS NOT FILED A RESPONSIVE PLEADING TO DATE. THE PROCESS RECEIPT YELLOW COPY RECEIVED FROM THE U.S. MARSHALS SERVICE SHOWS THAT SERVICE WAS ATTEMPTED TO NO AVAIL ON MAY 3RD AND 16TH, 2000.

9.) DEFENDANT SHERIFF HARRY LEE WAS SERVED ON MONDAY, MAY 15, 2000, ACCORDING TO THE PROCESS RECEIPT YELLOW COPY RECEIVED FROM THE U.S. MARSHALS SERVICE ON WEDNESDAY, MAY 17, 2000. NO FORM OF RESPONSIVE PLEADING HAS BEEN RECEIVED TO DATE THRU THE PRISON.

10.) DEFENDANTS DAY, TANNER, MILLER, McCLOUD, BRELAND, TRAN, McGINNIS AND CARTER WERE SERVED ON TUESDAY, MAY 16, 2000, ACCORDING TO THE PROCESS RECEIPT YELLOW COPY RECEIVED FROM THE U.S. MARSHALS SERVICE ON FRIDAY, MAY 19, 2000. NO FORM OF RESPONSIVE PLEADING HAS BEEN RECEIVED FROM AN ATTORNEY ON THEIR BEHALF, OR LIKEWISE.

11.) DEFENDANTS STALDER, CREED, AND THE DEPARTMENT OF CORRECTIONS WERE SERVED ON FRIDAY, MAY 12, 2000,

ACCORDING TO THE PROCESS RECEIPT YELLOW COPY RECEIVED FROM THE U.S. MARSHALS SERVICE ON TUESDAY, MAY 17, 2000. NO FORM OF RESPONSIVE PLEADING HAS BEEN RECEIVED THRU THE PRISON ON THEIR BEHALF.

12.) A "MOTION TO DISMISS" WAS FILED BY ASSISTANT ATTORNEY GENERAL MICHEAL L. PENN ONLY ON BEHALF OF THE DEPARTMENT OF CORRECTIONS, HOWEVER. THE MOTION WAS RECEIVED FRIDAY, MAY 19, 2000. BUT SUCH A MOTION IS NOT A RESPONSIVE PLEADING. SEE <u>VERNELL VS POSTAL SERVICE</u>, 819 F. 2d 108, 110 (5TH CIR. 1987).

13.) ATTORNEY PENN ONLY ARGUED IN THE MOTION THAT THE ENTITY WAS IMMUNIZED FROM SUIT UNDER THE ELEVENTH AMENDMENT.[2] CONSEQUENTLY, SHE ARGUED THE ENTITY WAS ENTITLED TO HAVE THE SUIT DISMISSED UNDER RULE 12(B)(6), F.R.CIV.P.

---

2. THE ARGUMENT SUGGESTS THAT PLAINTIFF SOUGHT MONEY DAMAGES FROM THE ENTITY FOR THE DENIAL OF MEDICAL CARE. IF THAT WERE SO, RELIEF WOULD BE FORECLOSED. SEE <u>KIMEL VS. FLORIDA Bd. OF REGENTS</u>, 120 S. CT. 631 (JAN. 11, 2000). THE ARGUMENT IS MISLEADING, HOWEVER. MONEY DAMAGES AS REQUESTED AT PRAYERS (M+S) IN THE AMENDED COMPLAINT, WAS SOUGHT FROM THE ENTITY ONLY UNDER THE AMERICANS WITH DISABILITIES ACT [ADA] OF TITLE 42 U.S.C.A. SEC. 12101 AND THE REHABILITATION ACT OF 1973 [RA] OF TITLE

14.) UNDER THOSE CIRCUMSTANCE, AN ORDER SHOULD BE ENTERED DISMISSING THE CASE WITHOUT PREJUDICE. OTHERWISE, THE FIFTH CIRCUIT WOULD ORDER THAT THE SUIT BE DISMISSED AS DESIRED. SEE <u>CARTER VS. U.S.</u>, 547 F. 2d AT 259.

15.) PLAINTIFF FINALLY CONTENDS THAT HE DOES NOT DESIRE TO DISMISS THE LAWSUIT UNDER RULE 41(A)(2)(i), F.R.CIV.P., IF THE RECORD SHOWS THAT AN ANSWER OR SUMMARY JUDGMENT HAS BEEN FILED OR THAT EITHER RESPONSIVE PLEADING WAS SIGNED

---

1    FOOTNOTE NO. 2, CONT'D:
29 U.S.C.A. SEC. 794(b). THE FIFTH CIRCUIT HELD THAT THE ADA REPRESENT A PROPER EXERCISE OF CONGRESS' SECTION 5 ENFORCEMENT POWER UNDER THE FOURTEENTH AMENDMENT. SEE <u>COOLBAUGH VS. STATE OF LA.</u>, 136 F.3d 430, 433-38 (5TH CIR. 1998). THE COURT FURTHER HELD THAT "... LOUISIANA IS NOT ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FROM SUITS BROUGHT PURSUANT TO THE ADA. <u>Id</u> AT 438 (TEXT)(EMPHASIS ADDED). OTHER APPELLATE COURTS HAVE FOLLOWED SUIT. SEE <u>KILCULLEN VS. N.Y. STATE DEPT. OF LABOR</u>, 205 F.3d 77, 82 N.7 (2ND CIR. 1999). THE U.S. SUPREME COURT WILL DECIDE IF CONGRESS HAS VALIDLY EXERCISED ITS SECTION 5 ENFORCEMENT AUTHORITY. SEE <u>UNIV. OF ALABAMA, ECT. VS. GARRETTE</u>, # 99-1240, APRIL 17, 2000, 2000 WL 122158. A PRIOR CERTIORARI TO DECIDE THE ISSUE WAS RECENTLY DISMISSED. SEE <u>ALSBROOK VS. ARKANSAS</u>, 120 S.CT. 1265 (2000).

AND MAILED BEFORE THIS NOTICE WAS GIVEN TO WCI PRISON FOR MAILING BY INDIGENT FIRST-CLASS MAIL DELIVERY BY MEANS OF AN AUTHORIZED PRISON FORM.

16.) IF A RESPONSIVE PLEADING HAS BEEN FILED, THE COURT IS GIVEN TO UNDERSTAND THAT PLAINTIFF DO INTEND TO TRAVERSE THE MOTION TO DISMISS FILED UNDER RULE 12(b)(6), F.R.CIV.P., BY ATTORNEY PENN.

WHEREFORE, IT IS PRAYED:

A.) THAT THIS NOTICE BE HELD FILED WHEN IT WAS GIVEN TO THE PRISON FOR MAILING.

B.) THAT THE ATTACHED "ORDER" ISSUE DISMISSING THE LAWSUIT WITHOUT PREJUDICE.

C.) THAT IF A RESPONSIVE PLEADING HAS BEEN FILED BY ANY DEFENDANT, THE CLERK BE ORDERED TO PROVIDE PLAINTIFF WITH A COPY OF THE PLEADING.

D.) THAT IF AN ANSWER HAS BEEN FILED WITHOUT NOTICE TO PLAINTIFF, THE COURT PROVIDE (20) DAYS FOR PLAINTIFF TO RESPOND TO IT.

E.) THAT IF A SUMMARY JUDGMENT HAS BEEN FILED WITHOUT NOTICE TO PLAINTIFF, THE COURT PROVIDE (30) DAYS FOR PLAINTIFF TO RESPOND.

PAGE 6 OF 8

F.) THAT IF THIS NOTICE IS NOT HONORED, THE RULE 12(b)(6) MOTION BE DENIED. SEE PAGE 4 N. 2.

SUBMITTED BY:

S/ *Jorge M. Estevez*
JORGE M. ESTEVEZ, PRO SE

## ORDER

THE NOTICE CONSIDERED:

IT IS ORDERED AS FOLLOWS:

1.) THAT THE SUIT OF JORGE M. ESTEVEZ IS HEREBY DISMISSED WITHOUT PREJUDICE.

2.) THAT THE CLERK MAIL PLAINTIFF AND EACH DEFENDANT A COPY OF THE ENTIRE NOTICE AND ORDER.

SIGNED AND FILED, THIS 5th DAY OF June, 2000, NEW ORLEANS, LOUISIANA.

S/ *Sarah Vance*
~~KAREN ROBY, U.S. MAGISTRATE~~
U.S. EASTERN DISTRICT COURT
U.S. DISTRICT JUDGE

## SERVICE CERTIFICATE

I, THE UNDERSIGNED PRISONER, UNDER THE PENALTY OF PURJURY PURSUANT TO TITLE 28 U.S.C. SEC. 1746, HEREBY CERTIFY:

PAGE 7 OF 8