U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUL 06 2000
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ | CIVIL ACTION |
| VS. | NO: 00-CV-127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

## MOTION SEEKING TO ADDRESS THE COURT

TO THE COURT:

PRO SE COUNSEL INCITE THE COURT TO GRANT ANOTHER SPEARING HEARING. THE FOLLOWING STATEMENTS ARE MADE IN SUPPORT OF THE MOTION:

ONCE DEFENDANTS WERE SERVED WITH MY AMENDED COMPLAINT THEY BEGAN SHOWING AN EFFORT TO PROVIDE MY PRESCRIBED MEDICAL TREATMENT. I STARTED ATTENDING OCCUPATIONAL THERAPY ON A WEEKLY BASIS AND WAS LED TO BELIEVE THAT MY PHYSICIAN PRESCRIBED "PHYSICAL THERAPY" WOULD SOON BE PROVIDED.

BEING AN INMATE UNDER DEFENDANTS CONTROL AND BEING ADVICED BY INMATES KNOWLEGEBLE IN LEGAL MATTERS, THAT, IF PLACED IN SEGREGATED LOCK-DOWN BY ANY OF DEFENDANT'S SUBORDINATES, WITH NO COUNSEL APPOINTED TO

PAGE 1 OF 8

DATE OF ENTRY AUG 2 4 2000

Fee____
Process____
X Dktd____
X CtRmDep____
Doc.No. 46

TIMELY ANSWER ANY MOTIONS THAT MAY ARISE, MY CLAIM WOULD BE DISMISSED WITH PREJUDICE.

SINCE IT APPEARED THAT DEFENDANTS WERE GOING TO PROVIDE ALL MY PRESCRIBED THERAPY AND CARE FOR MY MEDICAL NEEDS, ON MAY 23, 2000, I FILED A NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41(A)(1)(i) F.R.C.P. AS PERMITTED

ONCE MY DISMISSAL WAS GRANTED ON JUNE 5, 2000 AND DEFENDANTS LEARNED THAT MY COMPLAINT WAS NO LONGER PENDING, EVERYTHING RETURNED AS BEFORE THE COMPLAINT WAS FILED.

FOR THIS REASON AND THE FACT THAT AFTER REVIEWING MY W.C.I. MEDICAL RECORDS [M.C.L.N.O. RECORDS COVERING LAST TWO (2) YEARS WHILE INCARCERATED, NOT PROVIDED] AS PERMITTED BY THE COURT, NEW FACTS HAVE SURFACED WHICH I BELIEVE MAY SHOW THAT ATLEAST TWO (2) NEW CLAIMS MAY EXIST. NOT BEING QUALIFIED TO EXAMINE MEDICAL RECORDS, I CAN NOT SAY THAT OTHER CLAIMS DO NOT EXIST. I CAN SAY, HOWEVER, THAT I SEEK THE COURT TO GRANT ANOTHER SPEARING HEARING, AS REQUESTED IN PRAYER "H" OF AMENDED COMPLAINT, TO CLARIFY ALL MATTERS ARISING FROM THE ORDERS SET FORTH IN THE MINUTE ENTRY FILED ON APRIL 24, 2000, AND TO CLARIFY AND MEND THE FOLLOWING:

1.)    HAVE THE COURT ORDER OR REPRIMAND W.C.I.

PAGE 2 OF 8

WARDEN ED C. DAY FOR NOT ABIDING BY THE ORDERS SET FORTH IN THE "MINUTE ENTRY" FILED ON APRIL 24, 2000 AND FURNISH THE COURT WITH A COPY OF PLAINTIFF'S NEURO' RECORDS, [BOTH FROM NEURO AND AND HEAD INJURY CLINICS] "PHYSICAL AND OCCUPATIONAL THERAPY RECORDS SINCE HIS INCARCERATION UNDER THE MEDICAL CARE OF THE DEPT. OF CORRECTION, - NOT PRIOR TO HIS ARREST.

2.) REQUEST THAT THE COURT PROVIDE A COPY OF ALL PHYSICAL, OCCUPATIONAL THERAPY, NEURO, AND HEAD INJURY CLINICS RECORDS TO REVIEW AND SHOW WHERE DEFENDANTS MADE FALSE ENTRIES ON W.C.I. MEDICAL RECORDS TO DENY HIM MEDICAL CARE. SEE <u>GREEN vs BRONSON</u>, 108 F. 3d 1296, 1303-1304 (10TH CIR. 1997).

3.) REQUEST THAT THE COURT RECONSIDER PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL DUE TO THE COMPLEXITY OF THE CASE. TO FILE INTERROGATORIES, SUBMIT MOTIONS OF DISCOVERY AND PRODUCE EXPERT MEDICAL WITNESSES.

4.) TO SEEK THE COURTS PERMISSION TO SUBMIT ANOTHER AMENDED COMPLAINT TO INCLUDE ANY CLAIMS WHICH HAVE SURFACED IN LIGHT OF THE ORDERS SET FORTH IN THE "MINUTE ENTRY" FILED APRIL 24, 2000.

5.) TO INCITE THE COURT, TO ORDER DEFENDANTS, WHO HAVE CONTROL OVER THE DEPT. OF PUBLIC SAFETY AND CORRECTIONS TO HAVE THEIR SUBORDI-

MATES, DRIVERS LICENSE BUREAU, DEPARTMENT OF MOTOR VEHICLES AND STATE POLICE PRODUCE THE PRESENT ADDRESS OF DEFENDANT JAMEELA Y. ARSHAD

6.) TO INVITE THE COURT FOR SERVICE OF PROCESS AND EXTENSION TO PERFECT PROCESS ON DEFENDANT JAMEELA Y. ARSHAD AS GOOD CAUSE EXISTS, AND ANY "OTHER" PAPERS THAT NEEDED TO BE FILED.

7.) ASK THE COURT TO TAKE WHAT-EVER STEPS IT SEES NECESSARY TO INSURE THE SUCCESS OF MY CLAIM, CAUSING DEFENDANTS TO ABIDE BY BOTH FEDERAL AND STATE LAWS REGARDING THE MEDICAL CARE OF STATE INMATES AND SIECE THEIR DISCRIMINATORY PRACTICES TOWARDS THE HANDICAP IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT [ADA] OF 1990.

8.) I ALSO SEEK TO DISMISS MY CLAIM AGAINST JEFFERSON PARISH SHERIFF HARRY LEE. THOUGH THE FACTS STATED IN MY AMENDED COMPLAINT ARE TRUE, I DO NOT BELIEVE THE SHERIFF WAS PERSONALY INVOLVED OR AWARE OF ANY PROBLEM SINCE HE DOES PROVIDE A BASICLY ADEQUATE MEDICAL PROGRAM. FROM PERSONAL EXPERIENCE, I CAN HONOSTLY SAY THAT INMATES CONTRIBUTED MOSTLY TO DETERING MY SEEKING MEDICAL ATTENTION.

9.) FOR THE ABOVE LISTED REASONS PLAINTIFF REQUESTS THAT THE COURT ACCEPT THIS "MOTION SEEKING TO ADDRESS THE COURT" AND IF NEEDED

ACCEPT IT AS A MOTION TO OPEN THE ABOVE TITLED CASE AND GRANT THE SOUGHT AFTER "SPEARS HEARING."

10.) THAT THE COURT DENY DEFENDANTS IMMUNITY CLAIM AS 42 U.S.C. SECTION 12202 PROVIDES THAT "(A) STATE SHALL NOT BE IMMUNE UNDER THE ELEVENTH AMENDMENT... FROM AN ACTION IN FEDERAL OR STATE COURT OF COMPETENT JURISDICTION FOR A VIOLATION OF THIS CHAPTER." IN PASSING THE ADA CONGRESS STATED THAT IT WAS INVOKING ITS POWERS UNDER SECTION 5 AND THE COMMERCE CLAUSE. SEE 42 U.S.C. 12101 (B) (4) LISTING AMONG THE ADA'S PURPOSES "TO INVOKE THE SWEEP OF CONGRESSIONAL AUTHORITY, INCLUDING THE POWER TO ENFORCE THE FOURTEENTH AMENDMENT AND TO REGULATE COMMERCE, IN ORDER TO ADDRESS THE MAJOR AREAS OF DISCRIMINATION FACED DAY TO DAY BY PEOPLE WITH DISABILITIES."

AMOS VS. MARYLAND DEPT. OF PUBLIC SAFETY AND CORRECTIONAL SERVS., 178 F.3d 212 (4TH CIR. 19- (HELD THAT APPLICATION OF TITLE II OF THE ADA TO STATE PRISONS IS A CONSTITUTIONAL EXERSICE OF CONGRESS'S POWER UNDER SECTION 5) THE FIFTH CIRCUIT HELD THAT THE ADA REPRESENT A PROPER EXERCISE OF CONGRESS' SECTION 5 ENFORCEMENT POWER UNDER THE FOURTEENTH AMENDMENT. SEE COOLBRAUGH VS. STATE OF LA., 136 F.3d 430, 433-38 (5TH CIR. 1998). THE COURT FURTHER HELD THAT "...

PAGE 5 OF 8

LOUISIANA IS NOT ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FROM SUITS BROUGHT PURSUANT TO THE ADA." Id AT 438 (TEXT) (EMPHASIS ADDED). OTHER APPELATE COURTS HAVE FOLLOWED SUIT. SEE KILCULLEN VS. N.Y. STATE DEPT. OF LABOR, 205 F.3d 77, 82 N.7 (2ND CIR. 1999). THE U.S. SUPREME COURT WILL DECIDE IF CONGRESS HAS VALIDLY EXERCISED ITS SECTION 5 ENFORCEMENT AUTHORITY. SEE UNIV. OF ALABAMA, ECT. VS. GARRETTE, # 99-1240, APRIL 17, 2000, 2000 WL 122158. A PRIOR CERTIORARI TO DECIDE THE ISSUE WAS RECENTLY DISMISSED. SEE ALSBROOK VS. ARKANSAS, 120 S.CT. 1265 (2000). IN COOLBAUGH VS. LOUISIANA, 136 F.3d 430, 433 (5TH CIR.) (FINDING THAT CONGRESS'S INTENT TO ABROGATE STATE IMMUNITY IS "PATENTLY CLEAR" IN THE ADA).

   WHEREFORE, IT IS PRAYED:

A) THAT THE ATTACHED "ORDER" GRANTING PLAINTIFF: MOTION FOR A SPEARS HEARING BY PHONE BE GRANTED

B) THAT THE COURT APPOLOGISE TO MS. WHYTE, CLERK OF COURT FOR REQUESTING COPIES BE MADE AND MAILED TO DEFENDANTS, BUT JUST TO MAKE ONE COPY OF THIS MOTION WOULD TAKE A WEEK. PLAINTIFF USES BOTH HANDS TO WRITE AND THE PROCESS IS SLOW.

C.) THAT IF ANY MOTION HAS BEEN FILED WITHOUT

PAGE 6 OF 8

NOTICE TO PLAINTIFF, THE CLERK BE ORDERED TO PROVIDE PLAINTIFF WITH A COPY AND THAT THE COURT PROVIDE 30 DAYS FOR PLAINTIFF TO RESPOND.

SUBMITTED BY:

s/ Jorge M. Estevez
JORGE M. ESTEVEZ, PRO SE

## ORDER

THE MOTION CONSIDERED;
 IT IS ORDERED AS FOLLOWS:

A.) THAT PLAINTIFF'S REQUEST FOR A SPEARS HEARING BY PHONE BE GRANTED. The Spears hearing be set for Sept. 5, 2000 @ 1:30pm, by phone

B.) THAT THE CLERK MAIL PLAINTIFF AND ~~DEFENDANT'S ATTORNEYS~~ KWR a courtesy COPY OF THE ENTIRE MOTION.

SIGNED AND FILED, THIS 22nd DAY OF August, 2000.

s/ Karen Roby
~~KAREN ROBY, U.S. MAGISTRATE~~ JUDGE
U.S. EASTERN DISTRICT COURT

PAGE 7 OF 8