UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ, PRO SE | CIVIL ACTION |
| VS. | NO: 00-127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

## MOTION TO OPEN CASE AND LODGE REQUESTS

TO THE COURT:

JORGE M. ESTEVEZ, PRO SE PLAINTIFF, NOT BEING AN ATTORNEY OR DOCTOR WITH THE EXPERTICE EXPERIENCE OF EXAMINING MEDICAL RECORDS WISHES TO LODGE THE FOLLOWING, ALPHABETIZED REQUESTS IN REFERENCE TO THE CERTIFIED COPY OF HIS W.C.I. MEDICAL RECORDS, PROVIDED BY THE COURT.

PLAINTIFF REQUESTS THAT THE COURT RECONSIDER HIS MOTION FOR APPOINTMENT OF COUNSEL FOR THE FOLLOWING:

1. TO FILE INTERROGATORIES TO INQUIRE AS TO DEFENDANTS, ARSHAD AND TRAN'S MEDICAL REASON FOR DISCONTINUING THE FOLLOWING:

a.) A W.C.I. "REQUEST FOR MEDICAL TREATMENT FORM" COMPLETED UPON MY RETURN FROM THE

PAGE 1 OF 11

M.C.L.N.O. CLINIC, WHICH PERFORMED MY NASAL SURGURY, DATED 6-30-99, STATING IN PART:

    3.) CONSULT UROLOGY A.S.A.P.

    COPIED FROM MCLNO ORDERS THEN ON THE SAME FORM DR. ARSHAD, ON 7-12-99, RIGHT BELOW THE ORDERS WROTE:

    D/C ABOVE AND NO OCEAN SPRAY

b.) THERE IS ALSO A SICK CALL SHEET, 7-12-99, ALSO REFERING TO PLAINTIFF'S UROLOGY APPOINTMENT.

c.) THEN ON 6-17-99, A HEALTHCARE SERVICES DIVISION FORM, FROM "LSUMC" WAS SENT BY MR. JOHNATHAN STOPP, MY OCCUPATIONAL THERAPIST, REGARDING MY UROLOGY APPOINTMENT.

2.   TO FILE INTERROGATORIES REGARDING THE STRIP OF ELASTIC I WAS PROVIDED BY M.C.L.N.O.'s OCCUPATIONAL THERAPY CLINIC.

    a.) ALL THROUGH THE A.R.P. STEPS DEFENDANTS HAVE STATED THEY HAD NO RECORD OF SUCH A STRIP, AND DENIED ME RELIEF.

    b.) IN THE MEDICAL RECORD I LOCATED TWO (2) SHEETS OF PAPER COMPLETE WITH PICTURES, ENTITLED "THERABAND STRENGTHENING EXERSICES," WHICH WERE PROVIDED ALONG WITH THE STRIP OF ELASTIC [THERABAND].

    c.) A W.C.I. "EMERGENCY ROOM" FORM, DATED 6-24-?  STATING:

PAGE 2 OF 11

(THERABAND STRENGTHENING EXERSICES SHEET $\bar{G}$ ELASTIC SENT

3.) TO FILE FOR A CLEAR COPY OF A MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS [M.C.L.N.O.], INMATE PROGRESS NOTES, DATED 6-28-99, RECEIVED AT W.C.I. FROM THE MCLNO STROKE CLINIC REGARDING MY [PT] PHYSICAL THERAPY ALSO ON SAME PAGE, COPIED ON SAME PAGE, BLOCKING VIEW OF NOTES IS A COPY OF MY DENIED PRESCRIPTION FOR A 1 TO 3 LB. WRIST WEIGHT.

4.) TO INQUIRE AS TO WHAT WAS DELETED FROM COMPUTER AND CANCELED REGARDING MY PHYSICAL THERAPY AS STATED IN A SHEET OF PAPER DATED 8-3-99

5.) TO ADVICE ME REGARDING AN INCIDENT FOR WHICH I LOST 15 DAYS GOOD TIME.
 a.) ON 11-14-99, AS W.C.I "REQUEST FOR MEDICAL TREATMENT" FORM SHOWS TO HAVE USE OF CANE REMOVED FROM DUTY STATUS AND HAVE DUTY STATUS CHANGED TO READ "MAY USE CANE."
 b.) WHEN HE ARRIVED TO SEE DR. TRAN HOWEVER, AS REQUEST FOR MEDICAL TREATMENT OF SAID DATE SHOWS, HIS REQUEST WAS CONVENIENTLY INTERPRETED TO I DID NOT WANT TO USE CANE. IT

PAGE 3 OF 11

was taken out of my hand, despite my requests to have it returned and ordered out of the infirmary.

c.) As I started to walk out my duty status was confiscated and a new duty status was issued to read "No Cane". There was also another new entry, "Bottom Bunk", which I thought nothing of, as I was not aware of any double bunks at W.C.I.

d.) Within ten (10) minutes of leaving the infirmary, I ran accross the path of Sgt. Clyde Bass, who works the "A" gate outside the infirmary. He falsely accused me of aggravated disobedience and defience.

e.) I can only guess it was anticipated by the infirmary staff as, though just made a trustee by the internal review board, I was escorted to lock-down, where the only double bunks of W.C.I. exist. By coinsadance my bottom bunk duty status was issued prior to being locked-down. This is a duty status generaly given to those inmates who reside in administrative lock-down.

f.) Though Sgt. Ms. Williams was present for this incident, she was never questioned and plaintiff was brought before the

PAGE 4 OF 11

DISCIPLINARY COURT. HERE, HE WAS STRIPPED OF HIS TRUSTEE STATUS AND SENTENCED TO (30) THIRTY DAYS WITHOUT EARNING GOOD TIME, ALL ON THE CREDIBILITY OF SGT. CLYDE BASS.

3.) PLAINTIFF APPEAL # HDQ-10025 (W.C.J.-99-0461)

4.) PLAINTIFF EVEN WROTE A SUPPLEMENTAL ON HIS APPEAL TO MR. JEF PELZ, CIA INVESTIGATOR 3, D.P.S.C. HEADQUARTERS, BATON ROUGE, EXPLAINING HOW HE WAS FALSELY ACCUSED AND REQUESTED A LIE DETECTOR TEST AND EXPLAINED ALL ABOUT SGT. Ms. WILLIAMS AND HOW SHE GAVE ME PERMISS TO STEP OUTSIDE. THE CREDIBILITY OF SGT. CLYDE BASS WAS ALL THE COURT READ IN HIS REPORT TO FIND ME GUILTY. I'M SCHEDULED TO BE RELEASED ON NOV. 3, 2000. WITH THIS MATTER RESOLVED HOWEVER, I'LL BE RELEASED FIFTEEN (15) DAYS SOONER.

6. TO ADVICE ME AS TO WHETHER I SHOULD MAKE THIS A CLASS ACTION AND HOW, AS THIS IS NOT ONLY A CLAIM EFFECTING THE HANDICAP, BUT ALL INMATES WHO USE THE INFIRMARY.

7. TO FILE INTERROGATORIES REGARDING A FORM, FROM THE "LOUISIANA REFERENCE LABORATORIES", 6746 GOYEE AVENUE, BATON ROUGE, LOUISIANA, DATED 6-11-99, ANSWERING

PAGE 5 OF 11

A W.C.I. REQUEST FOR A LIVER FUNCTION PNL TEST. I BELIEVE THIS TEST WAS RUN TO PROVE I WAS NOT ANIMIC, TO JUSTIFY THE CANCELATION OF MY VITAMINS WITH THIAMIN. ANYWAY, ON THIS TEST FORM, MY GLUCOSE RESULTS ARE MARKED IN THE "OUT OF RANGE" SECTION, RATED "H" FOR HIGH. I BELIEVE THE ATTENDIN PHYSICIAN HERE EVEN CIRCLED THE 241 "H" GLUCOSE RATA. THOUGH I CAN NOT PROVE WHO SENT THIS SAMPLE IN, THE FACT STILL REMAINS THAT BOTH DRS. ARSHAD AND TRAN WERE WELL AWARE OF THE FACT THAT I WAS DIAGNOSED AS A POTENTIAL DIABETIC AND NOT ONLY FAILED TO INFORM ME BUT ALSO FAILED TO TREAT ME OR HAVE ME MONITERED.

    a.) TO THIS I FILED A.R.P.-W.C.I.-00-0529. I WAS MONITERED FOR THREE OR FOUR DAYS IN THEIR ATTEMPTS TO PROVE ME WRONG. THEIR EFFORTS FAILED HOWEVER, AND AFTER ONE (1) YEAR AND AN A.R.P. DR. TRAN SAID I SHOULD CONTROL MY DIET, BUT, FAILED TO PROVIDE A DUTY STATUS ALLOWING DIABETIC TRAYS OR TO PLACE ME ON THE FINGER STICK GLUCOSE PROGRAM HERE TO AID ME IN REGULATING MY GLUCOSE LEVEL.

    b.) I WOULD APPRECIATE IT IF THE COURT WOULD HAVE W.C.I. FURNISH THE COURT WITH A COPY OF A.R.P.-W.C.I.-00-0529 AND INCORPORATE IT WITH THIS CLAIM.

PAGE 6 OF 11

8. To file interrogatories to find why plaintiff's referral to M.C.L.N.O.'s Urology Clinic on 6-30-99 and 7-1-99 was not kept after the Dr. stipulated A.S.A.P.
   a.) To this plaintiff filed A.R.P.—W.C.I.—00-067J. This A.R.P. I believe shows criminal neglect. I am not a doctor or attorney, so I ask the court to aquire this A.R.P. and be the judge.
   b.) I also wish this court to aquire A.R.P.—W.C.I.—00-0365 as it shows they were well aware of my urinary problem and not till a year (1) year later and the court is involved do they appear to be making an effort to send me to the MCLNO Urology Clinic.

9. To file for an up to date copy of plaintiff's medical records from the following clinics at M.C.L.N.O.
   a) Physical Therapy
   b) Occupational Therapy
   c) Head Injury Clinic
   d.) Stroke Clinic
   e.) Neuro Clinic

10. To produce experts to examine both, plaintiffs

Page 7 of 11

W.C.I. MEDICAL RECORDS AND THOSE FROM THE REQUESTED CLINICS AT M.C.L.N.O., SINCE HIS INCARCERATION IN 1998 TILL PRESENT.

11. PLAINTIFF WISHES AN ATTORNEY TO PREPARE AN APPROPIATE SUPPLEMENTAL TO HIS COMPLAINT DEALING WITH THE RECORDED FACTS AND CORRECT DATES.

WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:

A.) THAT THIS COURT LIBERALY READ THIS MOTION.

B.) THAT THE COURT OBTAIN A COPY OF HIS MEDICAL RECORDS FROM THE APPROPIATE CLINICS AT M.C.L.N.O SINCE HIS INCARCERATION TO PRESENT.

C.) THAT IF A NEED ARISE TO CLARIFY ANY MATTER AS TO PLAINTIFF'S ALLEDGED PHYSICAL THERAPY APPOINTMENT OR ANY FACTS REGARDING HIS W.C.I MEDICAL RECORDS, ANOTHER SPEARING HEARING BE ALLOWED.

D.) THAT THE COURT WILL RECONSIDER HIS MOTION TO APPOINT COUNSEL AS HE SUFFERS FROM MEDICALY DOCUMENTED SHORT TERM MEMORY LOSS AND REQUIRES THE USE OF BOTH HANDS, WORKING TOGETHER TO WRITE AND PROPERLY KEEP UP

PAGE 8 OF 11

NOT ONLY, WITH THE A.R.P. PROCESS, BUT, TO PROPERLY LITIGATE HIS CLAIM, AS HE CAN NO LONGER PERFORM TO THE BEST OF HIS NATURAL AND NORMAL ABILITIES, THIS PLACES BOTH A PHYSICAL AND MENTAL HANDICAP ON HIS ABILITIES TO LITIGATE ON HIS OWN.

E.) THAT A REVIEW OF THE AFORE MENTIONED A.R.P.s RECEIVED FROM W.C.I. BE GRANTED AND THAT THEY BE INCORPORATED INTO THIS CLAIM

F.) THAT THE COURT ISSUE WHATEVER ELSE IT DEEMS NECESSARY.

SUBMITTED BY
s/ Jorge M. Estevez
JORGE M. ESTEVEZ, PRO SE

## ORDER

THE MOTION CONSIDERED:
IT IS ORDERED AS FOLLOWS:
1.) THAT PLAINTIFF'S MOTION TO APPOINT COUNSEL BE GRANTED. *Denied* [handwritten annotation]

2.) THAT THE CLERK MAIL PLAINTIFF A COPY OF

PAGE 9 OF 11

THE ENTIRE MOTION AND ORDER.

3.) THAT W.C.I. PROVIDE THE COURT WITH A COPY OF THE A.R.P.s MENTIONED IN THIS MOTION. ~~Denied~~

4.) THAT THE COURT BE PROVIDED A COPY OF THE REQUESTED M.C.L.N.O. CLINICS, MEDICAL RECORDS. ~~Denied~~

5.) THE THE CLERK of Court MAIL JORGE M. ESPEYEZ A COPY OF ALL Charity Hospital Records & ARPs produced ~~papers received to~~ REVIEW. in response to this request

This matter has been closed by document #31 SIGNED AND FILED, THIS ~~25~~ 22nd DAY OF August, 200- on May 23, 2006. NEW ORLEANS, LA.

s/ [signature]
KAREN ROBY, U.S. MAGISTRATE
U.S. EASTERN DISTRICT COURT

### SERVICE CERTIFICATE

I, THE UNDERSIGNED PRISONER, UNDER THE PENALTY OF PURJURY PURSUANT TO TITLE 28 U.S.C. SEC. 1746, HEREBY CERTIFY:

1.) THAT THE ORIGINAL MOTION TO OPEN CASE AND LODGE REQUESTS WAS MAILED TO CLERK MS. LORETTA WHYTE, U.S. EASTERN DISTRICT COURT, 500 CAMP ST., NEW ORLEANS, LA. 70130

PAGE 10 OF 11