

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ | CIVIL ACTION |
| VERSUS | NO:     00-0127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).

On September 6, 2000, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with plaintiff, Jorge M. Estevez, and counsel for the defendants participating by conference telephone call.[2]

---

[1] 766 F.2d 179 (5th Cir. 1985).

[2] A cassette tape recording of this hearing is being maintained in the Magistrate Judge's office.



I.     **Factual Summary**

The plaintiff, Jorge M. Estevez, ("Estevez"), who is currently incarcerated in the Washington Correctional Institute, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Washington Correctional Institute ("WCI"), the Louisiana Department of Corrections ("DOC"), Dr. Jameela Y. Arshad, Warden Ed C. Day, Robert Tanner, James Miller, Kathleen McGinnis, Bessie Carter, DOC Secretary Richard Stalder, Dr. Tran, Johnny Creed, Jefferson Parish Sheriff Harry Lee, Lynn McCloud, and Bill Breland.[3] Estevez alleges that he is denied adequate medical care at WCI.[4]

II.    **The *Spears* Hearing**

During the *Spears* Hearing, Estevez stated that he has no claims against Sheriff Lee and requests that Sheriff Lee be dismissed from this suit. Counsel for the defendant had no objection to this oral motion. Therefore, the Court finds that Estevez's request to voluntarily dismiss Sheriff Lee should be granted.

Estevez also testified that he sustained injuries in an accident prior to his arrest. He is semi-paralyzed on his right side as a result and has movement but no control of his right side. Upon his arrival at WCI, Dr. Arshad cancelled his physical therapy and urology appointments at the Louisiana Medical Center. Estevez indicated that he is now undergoing testing to determine

---

[3] On March 15, 2000, the undersigned Magistrate Judge issued a Partial Report and Recommendation, recommending that WCI's Motion to Dismiss be granted. *See* Rec. doc. # 10. Now that this matter has been reopened, the report is pending before the District Judge on objections from the plaintiff. *See* Rec. doc. #12 and #15.

[4] *See* Rec. doc. #1, Complaint; #19, First Amended Complaint; # 51 and #55, Second Supplemental Complaint.

what is wrong with his renal function. He also contends that he is potentially diabetic, a condition that was ignored by Dr. Arshad and Dr. Tran.

Estevez also testified that WCI is not equipped with an exercise area or exercise equipment for the handicapped. He is therefore unable to exercise at the prison and is otherwise not receiving physical therapy for his paralysis.

### III. Standard of Review

#### A. Review for Frivolousness

Title 28, U.S.C. § 1915(e) requires the court to sua sponte dismiss cases filed *in forma pauperis* upon a determination of that the action is frivolous. Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

However, the court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. The court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

For purposes of § 1915(e), an action lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Therefore, the Court must determine whether Estevez's complaint is based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

IV. <u>Analysis</u>

A. <u>Medical Care</u>

Inadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to the prisoner's serious medical needs which constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Stewart v. Murphy* 174 F.3d 530, 533 (5th Cir. 1999) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards and excessive risk to inmate health or safety." *Stewart*, 174 F.3d at 534 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106).

In *Estelle*, the Supreme Court concluded that:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle,* 429 U.S. at 97 (citation omitted, footnotes omitted). To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the

state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety," *Stewart*, 174 F.3d at 533 (*quoting Farmer*, 511 U.S. at 837).

For an official to act with deliberate indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (*quoting Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves*, 27 F.3d at 176 (citing *Farmer*, 511 U.S. at 842 & n.8).

In the instant matter, Estevez has alleged that Dr. Arshad and other members of the WCI medical staff cancelled his physical therapy appointments and other medical appointments without cause and without regard for his current physical and medical conditions. Estevez has obvious physical restrictions which resulted from an accident unrelated to his incarceration for which he claims he was receiving therapy, which was abruptly discontinued. Estevez also continues to complain about and pursue resolution of his alleged urological problems. The medical records previously filed into the record by the defendants verify that plaintiff has been examined and treated in the past for the ailments alleged. At this stage, the Court finds that Estevez has stated a non-frivolous claim arising out of the medical care he receives at WCI.

B. **Lack of Handicap Exercise Area and Equipment**

The Supreme Court in *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 209-10 (1998), recognized for the first time that state prisoners may bring claims against their jailors for

disability discrimination under Title II of the Americans with Disabilities Act ("ADA"), which prohibits discrimination by public entities. Thus, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. § 12132.

The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such impairment." *See* 42 U.S.C. § 12102(2). Major life activities "include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998) (quotations omitted).

Estevez suffers from semi-paralysis which would appear to qualify as a disability. "Generally, a plaintiff proceeding under Title II must show he is a qualified individual who, because of a disability, has been denied the opportunity to participate in or to obtain the benefits of services, programs, or activities offered by a public entity." *Moore v. Prison Health Servs., Inc.*, 24 F. Supp. 2d 1164, 1167 (D. Kan. 1998) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)), *aff'd*, 201 F.3d 448, No. 98-3310, 1999 WL 1079848 (10th Cir. Dec. 1, 1999) (table, text in Westlaw). Title II "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Moore*, 201 F.3d at 448.

In the instant case, Estevez alleges that he is substantially limited in a major life activity. He testified that he suffers substantial limitations similar to the major life activities described in

*Bragdon*. Estevez claims that he is denied the opportunity to participate in or to obtain the benefits of the exercise services, programs and activities offered by WCI. Because Estevez has identified a substantial impairment in a major life activity or a program or service from which he is barred at the prison. He has stated a non-frivolous claim under the ADA. *Cf. Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996); *Moore*, 24 F.Supp. 2d at 1167.

## V.  Recommendation

Estevez has requested that Sheriff Harry Lee be dismissed from this action since he has no claims to urge against him. Estevez has also alleged sufficient facts to survive the frivolous review by this Court as to the remaining claims against the remaining defendants.[5] Accordingly,

It is therefore **RECOMMENDED** that the plaintiff's oral motion to voluntarily dismiss Sheriff Harry Lee from this action be **GRANTED** pursuant to Fed. R. Civ. P. 41(b) and that Sheriff Harry Lee be dismissed from this action without further delay.

It is further **RECOMMENDED** that plaintiff be allowed to proceed with his inadequate medical care and Americans with Disabilities Act claims, pending further review or possible trial on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[5] The Court notes that the DOC and other state employees have reurged motions to dismiss based on several theories. Those motions have been referred to the undersigned Magistrate Judge and were set for hearing on October 4, 2000, and October 11, 2000. The merits of those motions will be addressed by a separate report.

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of October, 2000.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE