

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ | CIVIL ACTION |
| VERSUS | NO. 00-0127 |
| JAMEELA Y. ARSHAD, ET AL. | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court are defendants' objections to the Magistrate Judge's Partial Report and Recommendation. Having reviewed *de novo* the complaint, the record, the applicable law, the Partial Report and Recommendation of the United States Magistrate Judge, and defendants' objections thereto, the Court dismisses plaintiff's claim against Sheriff Harry Lee and remands the Magistrate Judge's frivolousness determination for further consideration.

I.  **Background**

Plaintiff, Jorge M. Estevez, is a state prisoner incarcerated in the Washington Correctional Institute at Angie, Louisiana, who has filed a complaint pursuant to 42 U.S.C. §

1983. After reviewing the record and conducting a *Spears* hearing, the Magistrate Judge issued a partial report and recommendation on October 26, 2000. She noted plaintiff's desire to dismiss Sheriff Harry Lee and determined, sua sponte, that plaintiff's claims for inadequate medical care and violation of the Americans with Disabilities Act were not frivolous. In a footnote to the recommendation, the Magistrate Judge noted that the Louisiana Department of Corrections and other state employees had "reurged motions to dismiss based on several theories," but she elected to address those arguments "by a separate report." (October 26, 2000 Partial Report & Recommendation at 7 n.5.)

Defendants object to this partial report and recommendation. They argue that plaintiff failed to exhaust his administrative remedies, that the Department of Public Safety and Correction is entitled to Eleventh Amendment immunity, that they are entitled to qualified immunity, and that plaintiff failed to allege the requisite causal connection between each defendant's conduct and the alleged constitutional violations. Defendants also argue that Dr. Jameela Arshad had valid reasons based on her medical expertise and experience to cancel or modify plaintiff's treatment. With respect to plaintiff's ADA claim, defendants further argue that plaintiff has never identified which major life activity has been substantially limited and that the claim

is without merit because plaintiff resides in a dormitory designed for handicapped inmates and has access to exercise equipment.

## II. Discussion

The Court may dismiss Estevez's complaint as frivolous if it lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i); 42 U.S.C. § 1997e(c)(1). *See also Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)(citing *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989)). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory," such as when "it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327, 109 S. Ct. at 1833. *See also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact if, after providing the prisoner an opportunity to present additional facts when necessary, the factual contentions are clearly baseless, such as claims describing fantastic or delusional scenarios. *See Neitzke*, 490 U.S. at 327-28, 109 S. Ct. at 1833. *See also* Berry, 192 F.3d at 507.

In determining that Estevez stated non-frivolous claims, the Magistrate Judge focused on his allegations of canceled physical therapy and medical appointments and denied opportunities to participate in prison exercise activities. She deferred

considering, without explanation, defendants' countervailing arguments -- such as exhaustion of administrative remedies, Eleventh Amendment immunity, qualified immunity, and adequate medical care. The Court, however, may dismiss Estevez's complaint as frivolous, if it is based on an indisputably meritless legal theory. As defendants raise arguments that the United States Supreme Court and the Fifth Circuit recognize as bases for dismissing complaints as frivolous, the Court remands this frivolousness determination to the Magistrate Judge for further consideration. *See, e.g.*, *Neitzke*, 490 U.S. at 327, 109 S. Ct. at 1833 (immunity); *Harris*, 198 F.3d at 156-57 (5th Cir. 1999)(failure to exhaust administrative remedies); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)(adequate medical care).

## III. Conclusion

For the foregoing reasons, the Court dismisses plaintiff's claims against Sheriff Harry Lee and remands the Magistrate Judge's frivolousness determination for further consideration.

New Orleans, Louisiana, this 6th day of December, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT