

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 20 PM 2:03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JORGE M. ESTEVEZ | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 00-127 |
| | : | |
| JAMEELA Y. ARSHAD, M.D. | : | JUDGE SARAH VANCE |
| And WASHINGTON | : | MAGISTRATE JUDGE KAREN WELLS ROBY |
| CORRECTIONAL | : | |
| INSTITUTION | : | SECTION "R"(4) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OBJECTIONS TO AND MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S PARTIAL REPORT AND RECOMMENDATION ENTERED ON FEBRUARY 2, 2001**

**NOW INTO COURT,** through the undersigned Assistant Attorney General come the defendants and respectfully object to the Magistrate Judge's Partial Report and Recommendation entered on February 2, 2001.

The matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(1)(B) and (C), §1915e(2), and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). The Magistrate Judge recommended that the following claims be dismissed with prejudice as frivolous under Title

1

28 U.S.C. §1915(e)(2):

(1) Plaintiff's Americans with Disabilities Act claims against the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland, in their individual capacities only;

(2) Plaintiff's Rehabilitation Act Claims against the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland, in both their official and individual capacity;

(3) the plaintiff's §1983 claims and state law claims seeking monetary damages against the Louisiana Department of Corrections ad the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland, in their official capacity only, pursuant to the eleventh Amendment; and

(4) Plaintiff's claim for injunctive relief because the plaintiff has been released from prison rendering this claim moot.

The Magistrate Judge further recommended that:

(1) The defendants Stalder, Day, Tanner, and Creed's Motion to Reurge (Rec. Doc. 53) be granted;

(2) The Louisiana Department of Corrections Motion to Reurge (Rec. Doc. 57) be granted;

(3) The defendants Stalder and Creed's Motion to Strike Plaintiff's Prayer for Attorney's Fees (Rec. Doc. 36) be granted;

(4) The Louisiana Department of Corrections Motion to Dismiss (Rec. Doc. 26 be

denied as moot and that the defendant's request for costs in connection with the Motion to Dismiss be denied;

(5) The defendants Stalder, Day, Tanner, and Creed's Motion to Dismiss (Rec. Doc. 38) be denied;

(6) the defendants Stalder, Day, Tanner, and Creed's Motion for Summary Judgment (Rec. Doc. 75) be granted in part and denied in part as follows:

(a) To the extent the defendants Day, Tanner, and Creed request judgment on the plaintiff's §1983 claims arising out of their individual capacity on the basis of qualified immunity, be granted;

(b) To the extent the defendant Stalder requests judgment on the plaintiff's §1983 claims arising out of his individual capacity, on the basis of qualified immunity, be denied;

(c) To the extent the defendants Stalder, Day, Tanner, and Creed request judgment, dismissing the plaintiff's Americans with Disabilities Act and the Rehabilitation Act claims be denied as moot, in light of the Court's frivolous determination;

(d) The defendants Stalder, Day, Tanner, and Creed's Motion for Summary Judgment claiming that the plaintiff failed to exhaust his available administrative remedies should be denied as excusable;

(e) The defendants Stalder, Day, Tanner, and Creed's Motion for Summary Judgment seeking dismissal of plaintiff's Americans with Disabilities Act claims in their official capacity should be denied;

Judgment seeking dismissal of plaintiff's Americans with Disabilities Act claims in their official capacity should be denied;

(f) The defendants' request for costs in connection with the Motion for Summary Judgment is denied.

The Magistrate Judge recommended that the plaintiff be permitted to proceed forward on the merits regarding the following claims:

(1) the Americans with Disabilities Act claims against the Department of Corrections and the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland in their official capacities only;

(2) The §1983 claims of inadequate medical care against defendants Stalder, Miller, McGinnis, Carter, Stalder, Tran, McCloud and Breland in their individual capacities only; and

(3) The state law claims against the defendants Stalder and Day in their individual capacity.

**WHEREFORE**, the defendants respectfully object to the Magistrate Judge's Report and Recommendation as more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

**RICHARD P. IEYOUB
ATTORNEY GENERAL**

BY: *Micheal L. Penn*
**(MS.) MICHÉAL L. PENN (# 20321)
Assistant Attorney General**

4

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
Pan American Life Center
New Orleans, LA 70130
Telephone No.     504-599-1200
Fax No.               504-599-1212

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
***************************
JORGE M. ESTEVEZ              :        CIVIL ACTION
                              :
VS.                           :        NO. 00-127
                              :
JAMEELA Y. ARSHAD, M.D.       :
And WASHINGTON                :
CORRECTIONAL                  :
INSTITUTION                   :        SECTION "R"(4)
***************************
```

### MEMORANDUM IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The defendants file the within Objections and Memorandum in Support of its Objections for the following reasons:

(1) the plaintiff failed to file an opposition to the defendants' motion for summary judgment. The law on summary judgment provides that the party opposing summary judgment and who bears the burden of proof at trial must then "go beyond the pleadings and by his own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477, U.S. 317, 324 (1986). In this case, the plaintiff has failed to file any opposition

to the Motion for Summary Judgment. He has failed to dispute the Statement of Undisputed Material Facts. He has further failed to file any affidavits, depositions, answers to interrogatories, or other admissions to controvert the defendants' motion for summary judgment. Without any such opposition, the defendants are entitled to summary judgment.

(2) The plaintiff failed to file an opposition to defendants Stalder, Day, Tanner and Creed's motion to dismiss yet, the court recommends the claims against Secretary Stalder be allowed to proceed forward on the merits;

(3) The plaintiff failed to provide any explanation as to why he failed to exhaust his administrative remedies. Yet, the Court ruled that the failure was excusable. Generally, a prisoner must exhaust available administrative remedies before filing suit against prison officials absent a valid defense to the exhausting requirement. ***Orange v. Strain***, 2000 WL 158328 (E.D. La.) citing ***Wendell v. Asher***, 162 F.3d 887, 890 (5th Cir. 1998). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, defendants are entitled to judgment as a matter or law dismissing the prisoner's complaint, but the dismissal must be without prejudice to refiling after exhausting his administrative remedies. ***Orange, supra.*** citing ***Wendell*** at 891. As stated herein, the plaintiff has failed to provide a valid excuse for failing to exhaust the administrative remedies

within the Department of Corrections. Therefore, the Motion for Summary Judgment as to this issue should have been granted.

A review of the entire record of the within proceedings reveals that the plaintiff has failed to defend the Motion for Summary Judgment and the Motion to Dismiss.

In conclusion, the defendants respectfully object to the factual and legal findings made in the Magistrate Judge's Partial Report and Recommendation entered on February 2, 2001.

          Respectfully submitted,

          RICHARD P. IEYOUB
          ATTORNEY GENERAL

BY:    *Micheal L. Penn*
     (MS.) MICHEAL L. PENN (# 20321)
     **Assistant Attorney General**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
Pan American Life Center
New Orleans, Louisiana 70130
Direct Telephone No.    504-599-1200
Main Telephone No. 504-599-0589
Fax No.    504-599-1212

## CERTIFICATE OF SERVICE

I CERTIFY I have served the foregoing **OBJECTION TO THE MAGISTRATE JUDGE'S REPORT ENTERED ON FEBRUARY 2, 2001**, on plaintiff's counsel by depositing a copy in the U.S. Mail, properly addressed and with proper postage prepaid, at New Orleans, Louisiana, on this \_19\_ day of February 2001.

>   Jorge M. Estevez, Pro Se
>   9012 Tanglewild Place
>   River Ridge, LA  70123
>
>   *Micheal L Penn*
>   **(Ms.) Michéal L. Penn**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JORGE M. ESTEVEZ | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 00-127 |
| | : | |
| JAMEELA Y. ARSHAD, M.D. | : | JUDGE SARAH VANCE |
| And WASHINGTON | : | MAGISTRATE JUDGE KAREN WELLS ROBY |
| CORRECTIONAL | : | |
| INSTITUTION | : | SECTION "R"(4) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**OBJECTIONS TO AND MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S PARTIAL REPORT AND RECOMMENDATION ENTERED ON FEBRUARY 2, 2001**</u>

**NOW INTO COURT,** through the undersigned Assistant Attorney General come the defendants and respectfully object to the Magistrate Judge's Partial Report and Recommendation entered on February 2, 2001.

The matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(1)(B) and (C), §1915e(2), and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). The Magistrate Judge recommended that the following claims be dismissed with prejudice as frivolous under Title

1

28 U.S.C. §1915(e)(2):

(1)     Plaintiff's Americans with Disabilities Act claims against the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland, in their individual capacities only;

(2)     Plaintiff's Rehabilitation Act Claims against the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland, in both their official and individual capacity;

(3)     the plaintiff's §1983 claims and state law claims seeking monetary damages against the Louisiana Department of Corrections ad the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland, in their official capacity only, pursuant to the eleventh Amendment; and

(4)     Plaintiff's claim for injunctive relief because the plaintiff has been released from prison rendering this claim moot.

The Magistrate Judge further recommended that:

(1)     The defendants Stalder, Day, Tanner, and Creed's Motion to Reurge (Rec. Doc. 53) be granted;

(2)     The Louisiana Department of Corrections Motion to Reurge (Rec. Doc. 57) be granted;

(3)     The defendants Stalder and Creed's Motion to Strike Plaintiff's Prayer for Attorney's Fees (Rec. Doc. 36) be granted;

2

(4) The Louisiana Department of Corrections Motion to Dismiss (Rec. Doc. 26 be denied as moot and that the defendant's request for costs in connection with the Motion to Dismiss be denied;

(5) The defendants Stalder, Day, Tanner, and Creed's Motion to Dismiss (Rec. Doc. 38) be denied;

(6) the defendants Stalder, Day, Tanner, and Creed's Motion for Summary Judgment (Rec. Doc. 75) be granted in part and denied in part as follows:

(a) To the extent the defendants Day, Tanner, and Creed request judgment on the plaintiff's §1983 claims arising out of their individual capacity on the basis of qualified immunity, be granted;

(b) To the extent the defendant Stalder requests judgment on the plaintiff's §1983 claims arising out of his individual capacity, on the basis of qualified immunity, be denied;

(c) To the extent the defendants Stalder, Day, Tanner, and Creed request judgment, dismissing the plaintiff's Americans with Disabilities Act and the Rehabilitation Act claims be denied as moot, in light of the Court's frivolous determination;

(d) The defendants Stalder, Day, Tanner, and Creed's Motion for Summary Judgment claiming that the plaintiff failed to exhaust his available administrative remedies should be denied as excusable;

(e) The defendants Stalder, Day, Tanner, and Creed's Motion for Summary

3

Judgment seeking dismissal of plaintiff's Americans with Disabilities Act claims in their official capacity should be denied;

(f) The defendants' request for costs in connection with the Motion for Summary Judgment is denied.

The Magistrate Judge recommended that the plaintiff be permitted to proceed forward on the merits regarding the following claims:

(1) the Americans with Disabilities Act claims against the Department of Corrections and the defendants Arshad, Day, Tanner, Miller, McGinnis, Carter, Stalder, Tran, Creed, McCloud, and Breland in their official capacities only;

(2) The §1983 claims of inadequate medical care against defendants Stalder, Miller, McGinnis, Carter, Stalder, Tran, McCloud and Breland in their individual capacities only; and

(3) The state law claims against the defendants Stalder and Day in their individual capacity.

The defendants file the within Objections and Memorandum in Support of its Objections for the following reasons:

(1) the plaintiff failed to file an opposition to the defendants' motion for summary judgment. The law on summary judgment provides that the party opposing summary judgment and who bears the burden of proof at trial must then "go beyond the pleadings and by his own affidavits, or by depositions, answers to interrogatories and admissions on file,

4

designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477, U.S. 317, 324 (1986). In this case, the plaintiff has failed to file any opposition to the Motion for Summary Judgment. He has failed to dispute the Statement of Undisputed Material Facts. He has further failed to file any affidavits, depositions, answers to interrogatories, or other admissions to controvert the defendants' motion for summary judgment. Without any such opposition, the defendants are entitled to summary judgment.

(2)   The plaintiff failed to file an opposition to defendants Stalder, Day, Tanner and Creed's motion to dismiss yet, the court recommends the claims against Secretary Stalder be allowed to proceed forward on the merits;

(3)   The plaintiff failed to provide any explanation as to why he failed to exhaust his administrative remedies. Yet, the Court ruled that the failure was excusable. Generally, a prisoner must exhaust available administrative remedies before filing suit against prison officials absent a valid defense to the exhausting requirement. *Orange v. Strain*, 2000 WL 158328 (E.D. La.) citing *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, defendants are entitled to judgment as a matter or law dismissing the prisoner's complaint, but the dismissal must be without prejudice to refiling after exhausting his administrative remedies. *Orange, supra.* citing *Wendell* at 891. As stated herein, the plaintiff has failed to provide a valid excuse for failing to exhaust the administrative remedies within the Department of Corrections. Therefore, the Motion for Summary Judgment as to

this issue should have been granted.

A review of the entire record of the within proceedings reveals that the plaintiff has failed to defend the Motion for Summary Judgment and the Motion to Dismiss.

In conclusion, the defendants respectfully object to the factual and legal findings made in the Magistrate Judge's Partial Report and Recommendation entered on February 2, 2001.

                Respectfully submitted,

                **RICHARD P. IEYOUB**
                **ATTORNEY GENERAL**

BY: _____
                **(MS.) MICHÉAL L. PENN (# 20321)**
                **Assistant Attorney General**

                **DEPARTMENT OF JUSTICE**
                **LITIGATION DIVISION**
                601 Poydras Street, Suite 1725
                Pan American Life Center
                New Orleans, Louisiana 70130

| | |
|---|---|
| Direct Telephone No. | 504-599-1200 |
| Main Telephone No. | 504-599-0589 |
| Fax No. | 504-599-1212 |

**CERTIFICATE OF SERVICE**

I CERTIFY I have served the foregoing **OBJECTION TO THE MAGISTRATE JUDGE'S REPORT ENTERED ON FEBRUARY 2, 2001**, on plaintiff's counsel by depositing a copy in the U.S. Mail, properly addressed and with proper postage prepaid, at New Orleans, Louisiana, on this _16_ day of February 2001.

                Jorge M. Estevez, Pro Se
                9012 Tanglewild Place
                River Ridge, LA 70123

                _____
                **(Ms.) Michéal L. Penn**

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JORGE M. ESTEVEZ | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 00-127 |
| | : | |
| JAMEELA Y. ARSHAD, M.D. | : | |
| And WASHINGTON | : | |
| CORRECTIONAL | : | |
| INSTITUTION | : | SECTION "R"(4) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF HEARING

**PLEASE TAKE NOTICE**, that the undersigned Assistant Attorney General will bring the foregoing motion for hearing before the Honorable Sarah Vance, United States District Judge, United States District Court, 500 Camp Street, New Orleans, Louisiana, 70130, on the _14_ day of _March_ 2001, at _10_:00 o'clock ___.m.

Respectfully submitted,

RICHARD P. IEYOUB
ATTORNEY GENERAL

BY: _Micheal L. Penn_
(MS.) MICHÉAL L. PENN (# 20321)
**Assistant Attorney General**

TENDERED FOR FILING

FEB 16 2001

DEPUTY CLERK U S DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LA

need memo in support
+ ntc of hrg
B.