# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED  MAR 1 4 2001
LORETTA G. WHYTE
Clerk

| JORGE M. ESTEVEZ | CIVIL ACTION |
|---|---|
| VS. | NO: 00-127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

## MOTION IN RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED MATERIAL FACTS"

NOW INTO COURT, COMES JORGE M. ESTEVEZ, PRO SE WHO NOT BEING AN ATTORNEY OR PROPERLY TRAINED IN LAW, WITH "NO" LEGAL GUIDE OF ANY SORT, "NOT EVEN ACCESS TO A LAW LIBRARY", STATES THE FOLLOWING IN SUPPORT OF HIS MOTION TO DENY DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE RECEIVED 3-7-2001

1.) TRUE, PLAINTIFF HAS SINCE THIS CLAIM BEGAN BEEN RELEASED FROM THE DEPARTMENT OF CORRECTIONS.
   a) UPON HIS RELEASED PLAINTIFF NOTIFIED THE COURT OF HIS NEW ADDRESS. (9012 TANGLEWILD PLACE, IN RIVER RIDGE, LA.)
   b) WITHIN 10 DAYS OF HIM NOTIFYING THE COURT OF HIS NEW ADDRESS HOWEVER, HIS PAROLE OFFICER, AN EMPLOYEE OF THE LA. DEPT. OF CORR. TURNED HIM OVER TO THE U.S. IMMIGRATION SERVICE TO SEEK DEPORTATION.
   c) PRIOR TO HIS DEPORTATION

PAGE 1 OF 5

was held in the Hancock County Jail in the State of Mississippi, where he had no access to legal counsel or law library. He was only allowed use of a phone to make out of state collect calls and not furnished writting materials or stamps to attempt to contact anyone.

2) Since plaintiff, though the greater part of his family is either a naturalized U.S. citizen or a naturally born citizen, was not allowed to contact his family or provided an attorney to file for a waiver of deportation, plaintiff can not help but believe his deportation too was an act by the defendants to retaliate against plaintiff for this complaint and to avoid it.

  a. Plaintiff was not permitted to let the Immigration Judge be aware of the fact that, at the time of his deportation in 1992 he was in fact, unknowing to the court, working as a see-eye for both the "Federal Marshalls" under agent Mitch Underwood and the "Drug Enforcement Agency [DEA] under agent James "Skip" Sewel.

  b) That since his 1992 deportation he fathered two daughter, Cynthia and Chantelle Estevez age 8 + 9.

  c) That a few months prior to my deportation their mother died and to remove me, their only living parent

Page 2 of 5

WAS CONTRARY TO THE LAWS OF THE UNITED STATES AND THE IMMIGRATION SERVICE.

d.) THAT NOT ONLY I, BUT MY MOTHER, ELENA SOSA, A NATURALIZED U.S. CITIZEN, MY BROTHER, ROBERT NAGIN, AN AMERICAN BORN CITIZEN AND MY FOUR (4) U.S. BORN CHILDREN ARE BUT A FEW WHO COULD HAVE FILED ON MY BEHALF FOR A WAIVER OF DEPORTATION HAD I BEEN PROVIDED MY LEGAL RIGHT TO ACCESS THE COURTS AND TO COMMUNICATE WITH MY FAMILY TO SEEK COUNSEL.

 i.) THAT I WAS RELEASED FROM THE CUSTODY OF THE DEPT. OF PUBLIC SAFETY AND CORRECTIONS ON NOV. 3, 2000 ONLY TO BE DETAINED IN THE HANCOKK COUNTY JAIL ON NOV. 6, 2000 TO AWAIT DEPORTATION WITHIN A WEEK.

3.) THAT PLAINTIFF "WAS NOT" SERVED WITH THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON DECEMBER 11, 2000, AS PLAINTIFF WAS REMOVED FROM THE U.S ON NOVEMBER, 2000 AND THROUGH NO FAULT OF HIS OWN, NO LONGER RESIDED AT 9012 TANGEWILD PLACE IN RIVER RIDGE NOR WAS HE ALLOWED ACCESS TO THE COURTS TO EXPLAIN HIS SITUATION.

a.) PLAINTIFF HAD NO KNOWLEDGE OF THE MOTION BEING FILED UNTIL HE RECEIVED A COPY FORWARDE BY HIS SISTER, MS. MIROSLAVA ROMA SOMETIME IN JANUARY, 2001.

WHEREFORE, PLAINTIFF PRAYS:

4.) THAT THE HONORABLE COURT WILL FIND THAT GOOD CAUSE EXISTS FOR PLAINTIFF'S UNTIMELY RESPONSE

PAGE 3 OF 5

AND DENY THE DEFENDANT'S MOTION TO STRIKE THE THE PLAINTIFF'S RESPONSE.

2. PLAINTIFF FURTHER REQUESTS THAT THIS COURT AWAIT THE DESITION OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL PRIOR TO ANY FURTHER RULINGS A PLAINTIFF CAN NOT PROPERLY DEFEND HIMSELF IN LITIGATING THIS COMPLAINT.

3) THAT THE COURT CONSTRUE THIS MOTION LIBERALY AND ACCEPT IT TIMELY FILED.

4) THAT THE DEFENDANT'S "SHOULD NOT" BE PERMITTED TO RESPOND TO PLAINTIFF'S MOTION IN RESPONSE FOR SUMMARY JUDGMENT. THAT PLAINTIFF IS NOT AN ATTORNEY AND CAN NOT HELP BUT FEEL HE WILL BE DEFEATED IN THIS COMPLAINT IF THE DEFENDANT'S WHO "ARE" REPRESENTED BY COUNSEL, THE ASSISTANT ATTORNEY GENERAL, ARE GIVEN THE OPPORTUNITY TO HAVE THE LAST WORD ALWAYS, THEREBY TWISTING MY WORDS AROUND IN FAVOR OF THEIR CASE.

5) PLAINTIFF FURTHER REQUESTS, IN CONSIDERATION OF THE FACT THAT HE IS WITHOUT COUNSEL AND WITH NO ACCESS TO COUNSEL OR A LAW LIBRARY THAT THE COURT PLEASE INFORM HIM IF A WRIT OF HABEAS CORPUS IS THE PROPER WAY TO SEEK A WAIVER OF DEPORTATION, AND IF SO, HOW I MAY GO ABOUT IT?
RESPECTFULLY SUBMITTED:
SIGNED AND DONE THIS 8TH DAY MARCH, 2001

S/ Jorge Estevez
JORGE M. ESTEVEZ
38 CALLE 10-49 ZONA 8
GUATEMALA, GUATEMALA

PAGE 4 OF 5

## CERTIFICATE OF SERVICE

I, JORGE M. ESTEVEZ, UNDER PENALTY OF PURJURY HEREBY CERTIFY THAT A COPY OF THE FORGOING MOTION WAS MAILED, VIA UNITED STATES AND GUATEMALAN MAIL SERVICE, TO MS. PENN, ASSISTANT ATTORNEY GENERAL, 601 POYDRAS, SUITE 1725, NEW ORLEANS, LA., 70130.

SIGNED AND DONE THIS 8TH DAY OF MARCH, 2001.

s/ Jorge M. Estevez

JORGE M. ESTEVEZ
38 CALLE 10-45 ZONA 8
GUATEMALA, GUATEMALA

PAGE 5 OF 5