FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 15 AM 11:39

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**ROBY, M.J.**
**MARCH 14, 2001**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ | CIVIL ACTION |
| VERSUS | NO:  00-0127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

On February 15, 2001, the plaintiff, Jorge M. Estevez, filed a **Motion for Appointment of Counsel (Rec. Doc. 80)** which has been referred to the undersigned Magistrate Judge for disposition.

Estevez requests the appointment of counsel to represent him in connection with the captioned matter. He contends that the issues in this case are complex and beyond his capabilities. He also argues that he is unable to locate an English speaking attorney in Guatemala to assist with the case. Estevez also contends that he will have difficulty handling this case from that country.

Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994); *Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998). The term "exceptional circumstances" generally relates to the type and complexity of the case and the ability of the plaintiff to present his claim. *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985). The Court has discretion to appoint counsel if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*,

DATE OF ENTRY
MAR 1 5 2001

517 F.2d 295, 298 (5th Cir. 1975).

The following factors should be considered when ruling on a request for appointment of counsel in a Section 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 212-13. The district court should also consider whether appointment of counsel would be of service to the plaintiff, the court and the defendant by sharpening the issues of the case. *Id*.

Estevez has proceeded *pro se* throughout these proceedings. He has proven himself capable of presenting his claims and arguments at each step of the proceedings.

The Court has reviewed the remaining claims. The issues presented for the Court's consideration in this case are neither peculiar nor complex. The resolution of the claims will require receipt of testimony and review of the medical records, all of which are familiar to the plaintiff. Estevez has proven his ability to convey his arguments to the Court in his pleadings and in the prior telephone conferences. For these reasons, the court will not appoint counsel for Estevez at this time. Therefore,

**IT IS ORDERED** that Estevez's **Motion for Appointment of Counsel (Rec. Doc. 80)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **plaintiff, Jorge Estevez**, provide the Court with a **current telephone number** for the record.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE