UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED MAY 03 2001
LORETTA G. WHYTE
Clerk

| JORGE M. ESTEVEZ | CIVIL ACTION |
|---|---|
| VS. | NO: 00-127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

MOTION TO UPDATE THE COURT ON PLAINTIFF'S URINARY CONDITION AND NOTICE TO DISMISS APPEAL.

I. NOW INTO COURT, COMES JORGE M. ESTEVEZ TO INFORM THE COURT THAT SINCE THE NEW YEAR HE HAS UNDERGONE THREE (3) URINARY TRACK DIALATION TREATMENTS AND STATES THE FOLLOWING IN REFERENCE TO THOSE TREATMENTS:

1.) THAT THE TREATMENTS WERE PERFORMED BY DR. EDWIN BARILLAS, SECC. 1, LOTE 223, COL. EL MILAGRO - ZONA 6 DE MIXCO; GUATEMALA, GUATEMALA - TELEPHONE ███ - ████.

2.) THAT THOUGH THE DOCTOR RECOMENDED A HOSPITOL STAY AND SURJURY TO REMOVE THE BLOCKAGE PLAINTIFF COULD NOT AFFORD THE SURJURY AND RECEIVED URINARY TRACK DIALATION CLINIC TREATMENTS INSTEAD.

3.) THAT AFTER EACH TREATMENT PLAINTIFF'S URINARY TRACK HAS BLOCKED UP AGAIN WITHIN A MONTH.

4.) THAT PLAINTIFF'S URINARY TRACK IS ONCE AGAIN SHOWING SIGNS OF BLOCKAGE.

PAGE 1 OF 8

## CERTIFICATE OF SERVICE

I, JORGE M. ESTEVEZ, UNDER PENALTY OF PURJURY HEREBY DECLARE THAT A COPY OF THIS MOTION WAS MAILED, VIA GUATEMALAN AND U.S. MAIL SERVICE TO MS. M. PENN, LA. ASST. ATTORNEY GENERAL, 601 POYDRAS, SUITE 1725, NEW ORLEANS, LA., 70130

SIGNED AND DONE THIS 25TH DAY OF APRIL, 2001.

s/ Jorge M Estevez

JORGE M. ESTEVEZ
38 CALLE 10-45 ZONA 8
GUATEMALA, GUATEMALA

THE DISPLINARY REPORT I WOULD RECEIVE A POSITIVE RESULT FOR MARIJUANA FOR REFUSING THE TEST. I WAS SCARED AND DRANK SO MUCH WATER THAT I NOT ONLY VOMITED WATER BUT GOT DIARIAH. AFTER RELEAVING MY BOWELS I WAS ABLE TO URINATE.

14.) THAT ONCE AGAIN, HERE IN GUATEMALA PLAINTIFF BEGAN EXPERIENCING CRAMPS AND AFTER LAB TESTS DR. BARRILES ASSESSED THEM AS DUE TO AN INFLAMED BLADDER CAUSED BY A BLOCKED URINARY TRACK.

15) THOUGH DR. BARRILES ORDERED SURJURY TO REMOVE THE BLOCKAGE, I DID NOT POSSESS THE FUNDS FOR IT AND MY MOTHER, ELENA SOSA, 9012 TANGLEWILD PLACE, RIVER RIDGE, LOUISIANA PAID FOR ME TO RECEIVE DIALATION TREATMENTS.

16) I REALIZE THAT I'M A FORREIGNER BUT I FAIL TO SEE WHERE THAT GAVE THE DEFENDANTS THE RIGHT TO DISREGARD MY MEDICAL NEEDS. THAT I WOULD BE DEPORTED ONCE RELEASED WAS COMMON KNOWLEDGE BUT AT THE TIME, THOUGH INCARCERATED A LEGAL RECIDENT OF THE UNITED STATES WITH THE SAME RIGHTS AFORDED ALL CITIZENS.

SUBMITTED BY
*Jorge M. Estevez*
JORGE M. ESTEVEZ
38 CALLE 10-45 ZONA 8
GUATEMALA, GUATEMALA

PAGE 7 OF 8

AFTER A YEARS DELAY AND HAVING TO LIVE WITH THE DISCUMFORTS ASSOSIATED WITH A BLOCKED URINARY AND I BECAME AWARE OF THE PROBLEM AND FILED FOR A TEMPORARY RESTRAINING ORDER I WAS FINALY PROVIDED THE APPOINTMENT WITH UROLOGY AND RECEIVED THE MUCH NEEDED SURJURY.

11.) AS STATED IN PARAGRAPH 6 OF NO. I PLAINTIFF'S URINARY PROBLEM, THOUGH ASSESSED BY AN M.C.L.N.O. PHYSICIAN ON 6-30-99 AND REORDERED ON 7-1-99 WAS LEFT TO WORSEN TO THE POINT THAT ONE URINARY TRACK SURJURY AND FOUR URINARY TRACK DIALATION TREATMENTS FAILED TO CORRECT THE PROBLEM.

12) THAT IN FACT THE PROBLEM WAS PERMITED TO DEVELOPE TO THE POINT THAT PLAINTIFF'S BLADDER INFLAMED CAUSING HIM SEVERE PHYSICAL PAIN. THIS PAIN WAS CONVENIENTLY ASSESSED BY DR. TRAN AS GAS. FOR OVER A MONTH PLAINTIFF NOT ONLY SUFFERED WITH THE PAINS ASSOSIATED WITH AN INFLAMED BLADDER BUT LIVE WITH THE THREAT OF A DISCIPLINARY INFRACTION FOR MALINGERING.

13.) NO. #12 BRINGS BACK TO MEMORY AN INCIDENT WHICH WAS NOT ONLY EMBARASING BUT PAINFUL. WHILE GOING THROUGH A ROUTINE DRUG TEST I WAS GIVEN A COUPLE HOURS TO URINATE IN A CUP OR RECEIVE AN INFRACTION (DISCIRLINARY) REPORT. I WAS TOLD THAT ALONG WITH

6.) THE STATEMENTS ON THE 3RD. STEP RESPONSE FORM (SEE ATTACHED FORM MARKED (ITEM I)) I FIND CONTRADICTING AS IT STATES MY GLUCOSE LEVEL IS WITHIN LIMITS. THEN IT STATES THAT MY GLUCOSE LEVEL WAS ELEVATED AND GLUCOSE WAS ALSO PRESENT IN MY URINE. TO ME, WITHIN LIMITS MEANS "NORMAL" AND I FAIL TO SE WHERE AN ELEVATED GLUCOSE LEVEL AFTER A 12 HOUR FAST, AS ALL LAB TESTS AT W.C.I ARE PERFORMED AT 6:00 A.M., PRIOR TO EATING BREAKFAST CAN BE CONSIDERED WITHIN LIMITS, ESPECIALY WHEN THE GLUCOSE LEVEL IS ELEVATED TO THE POINT THAT GLUCOSE, AFTER A FAST, IS FOUND PRESENT IN MY URINE.

7.) THE RESULTS MENTIONED ABOVE WHERE IGNORED BY DR. TRAN AS NO SPECIAL LOW SUGAR DIET WAS PROVIDED AND PLAINTIFF WAS FED PANCAKES WITH SYRUP EVERY OTHER DAY. NO OTHER DIET PROVIDED.

8.) ON 8-15-00 AFTER FILING FOR A PRELIMINARY INJUNCTION AND RESTRAINING ORDER I WAS FINALY PROVIDED THE SOUGHT URINARY CLINIC APPOINTMENT, OR AT LEAST AN M.C.L.N.O. G.U. CLINIC APPOINTMENT.

9.) THE ATTENDING PHYSICIAN, AS MY NASAL SURGEON A YEAR EARLIER ASSESSED MY PROBLEM AS A URETHRAL STRICTURE AND ONCE AGAIN REFERED ME TO UROLOGY AS WAS ORDERED ON 6-30-99 AND 7-1-99 (SEE ATTACHED FORM MARKED (ITEM II))

(a) THAT WITHIN A MONTH AFTER AFTER ATTENDING THE UROLOGY CLINIC ON 9-5-00

NAMED DEFENDANTS.

2.) AS I'VE STATED BEFORE, I'VE NEVER MADE SICK-CALL COMPLAINING OF BURNING DURING URINATION. I COMPLAINED OF A PROBLEM WHICH IS NOT TYPED IN THEIR EXAMINATION FORM, NOT BEING ABLE TO URINATE FREELY AT WILL AND AN UNCONTROLED URINARY DRIP.

3.) I DID NOT REQUEST TO BE SCHEDULED AN APPOINTMENT AT M.C.L.N.O. BUT IN FACT, NOT ONLY MADE SICK-CALL, FILED AN A.R.P. SEEKING TO BE TAKEN TO THE UROLOGY CLINIC APPOINTMENT ORDERED BY AN M.C.L.N.O. SURGEON OVER A YEAR PRIOR AFTER PERFORMING MY NASAL SURJURY. ALL TO NO AVAIL.

4.) AS THE COURT IS AWARE ALL OF MY EFFORTS WERE IN VAIN AND I WAS NOT PROVIDED THE APPOINTMENT AT THE M.C.L.N.O. UROLOGY CLINIC UNTIL DEFENDANTS BECAME AWARE OF THE FACT THAT I HAD FILED FOR A PRELIMINARY INJUNCTION AND RESTRAINING ORDER.

5.) AS TO WHETHER DR. TRAN, A NAMED DEFENDANT ORDERED A URINALISIS I CAN NO LONGER REMEMBER BUT I DON'T RECAL SEEING THE LAB RESULTS OF THE ALLEDGED URINALISIS ORDERED AND DONE ON 7-20-00 IN MY W.C.I. MEDICAL RECORDS. I REQUEST THAT THE COURT, WHO IS IN POSSESSION OF MY W.C.I. MEDICAL RECORDS PLEASE FURNISH PLAINTIFF WITH A COPY OF THE LAB RESULTS.

PAGE 4 OF 8

ARSHAD; U.S.D.C. NO. #00-CV-127

A) AS PLAINTIFF STATED IN HIS "REPLY TO THE COURT'S PARTIAL REPORT AND RECOMENDATION," DATED 2-13-2001, HE FEELS THAT TO DATE THE COURT HAS PROPERLY SEEN THAT JUSTICE IS SERVED.

B) THAT I WISH TO VOLUNTARILY DISMISS MY APPEAL AT THIS TIME BUT I WISH THE COURT TO BE AWARE THAT I WISH THE APPEAL DISMISSED ONLY IF IT CAN BE DISMISSED WITHOUT DISMISSING MY CASE.

C) THAT AT PRESENT I DO NOT HAVE THE FUNDS TO MAKE THE $105.00 PAYMENT TO THE DISTRICT COURT TO FILE THIS OR ANY OTHER APPEAL NOR HAVE I APPLIED TO THE COURT TO PROCEED IN FORMA PAUPERIS.

III   WITH THE COURT'S PERMISSION I WOULD NOW LIKE TO INFORM THE COURT THAT WHILE WORKING ON THIS MOTION TODAY, 4-23-2001, I RECEIVED A LETTER FROM MY DAUGHTER, CHANTELLE ESTEVEZ WITH THE ENCLOSED THIRD STEP RESPONSE FORM TO A.R.P. ENTITLED NO. # W.C.I.-00-0671 AND WOULD NOW WITH THE COURT'S PERMISSION SUBMIT THE FOLLOWING IN ANSWER:

1.) I DID NOT, AS MR. JOHNNY CREED, A NAMED DEFENDANT STATES, ASKED TO BE SCHEDULED FOR AN APPOINTMENT AT M.C.L.N.O BUT IN FACT ASKED THAT THE ORDERS FROM M.C.L.NO. ON 6-30-99 AND 7-1-99 WHICH WERE CONVENIENTLY DISREGARDED BE HONORED AND A REFERAL TO UROLOGY SCHEDULED AS REQUESTED BY M.C.L.N.O. SURGEON WHO PERFORMED MY PRIOR SURJURY WHILE UNDER THE CARE OF THE

PAGE 3 OF 8

5.) THAT THOUGH THE REQUIRED URINARY TRACK OPERATION, TRANSPORTATION TO AND FROM HOSPITOL, MEDICATION AND AFTER-CARE CAN BE REASONABLY HAD HERE IN GUATEMALA, PLAINTIFF DOES NOT HAVE THE FUNDS AT THIS TIME AND MUST CONTINUE TO SUFFER WITH THE DISCUMFORTS ASSOCIATED WITH A BLOCKED URINARY TRACK.

6.) IT APPEARS PLAINTIFF'S URINARY TRACK PROBLEM WAS IGNORED FOR SO LONG AND ALLOWED TO GET BLOCKED-UP TO A POINT WHERE A SINGLE URINARY TRACK OPERATION, AND THREE (3) URINARY TRACK DIALATION TREATMENTS FAIL TO CORRECT THE PROBLEM.

7.) JUST AS SOON AS PLAINTIFF LOCATES THE COPY OF THE BLOOD TESTS PERFORMED BY THE BATON ROUGE LAB, HE WILL HAVE THEM TRANSLATED AND DIAGNOSED BY A PHYSICIAN HERE AS HE ALSO SUFFERS FROM SOMETHING KNOW HERE AS ACIDO URICO AND IF FOUND THAT PLAINTIFF SUFFERED FROM THIS WHILE UNDER DR. ARSHAD'S CARE AND LEFT ON A DAYLY DIET OF BEANS I ASK THE COURT TO PERMIT ME TO FILE A NEW CLAIM.

II  PLAINTIFF WOULD NOW LIKE TO INFORM COURT THAT NOT BEING AN ATTORNEY OR PROPERLY LEARNED IN LAW, WITH NO PRIOR KNOWLEDGE OF HOW THE APPEAL SYSTEM FUNCTIONS, NOW WISHES TO MAKE THE FOLLOWING STATEMENTS IN REFERENCE TO APPEAL NO. # 5TH. CIRC.-00-31331 ESTEVEZ VS.

PAGE 2 OF 8

(ITEM I)

FORM ARP-4

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

NUMBER __WCI__ - __00__ - __0671__

# THIRD STEP RESPONSE FORM
(HEADQUARTERS)

You must respond to the OFFENDER within 40 days of receipt of the appeal of the STEP 2 Response.

TO: __Jorge Estevez, #75111__        __DISCHARGED__
    Offender's Name and Number              Living Unit

Response to Request Dated __-/--/00__, Received in this Office on __8/10/00__:

Your request for Third Level review of ARP #WCI-00-671 has been received. You complain that your medical treatment for burning while urinating and uncontrolled urination has been inadequately treated at the institution. You request that you be scheduled for an appointment at MCLNO.

You were seen at sick call on 7/16/00, requesting to see the doctor about rescheduling your Urology appointment. There was no record found of you ever attending the Urology Clinic or of you having an appointment to attend this clinic. You were referred to the doctor. Dr. Tran examined you on 7/18/00, and you advised him that you had burning on urination and that you were unable to control your bladder sometimes. Dr. Tran ordered lab work including urinalysis and initiated a referral to the MCLNO, Urology Clinic. The lab work was done on 7/20/00. The results, with the exception of elevated blood glucose and the presence of glucose in your urine, (Dr. Tran had been following you for this problem already), were essentially within normal limits. You attended the MCLNO GU Clinic on 8/15/00. The physician at the MCLNO GU Clinic assessed your problem as a urethral stricture and recommended that you return to the clinic in one week to discuss your options. You attended the MCLNO Urology Clinic on 9/05/00. You were again assessed as having a urethral stricture and returned to the institution with a recommendation for cystoscopy with biopsy of lesion. On 9/15/00, you attended MCLNO Elective Admission Clinic in preparation for the cystoscopy. Preoperative testing was done at this time. On 9/25/00, you had the cystoscopy with UIV performed as a one day surgery and returned to the institution, with a foley catheter in place, in good condition. On 10/06/00, you were seen at MCLNO Urology Clinic. Documentation at this visit notes that the biopsy showed acute and chronic inflammation of the urethra with no malignancy. You were instructed to return for a follow-up in 6 to 8 months. On 10/18/00, you advised Dr. Tran that you were now urinating normally. Dr. Tran noted that you were doing well. The medical care you have received is deemed adequate and appropriate. Therefore, your request for relief is denied.

__3/13/01__                          __[signature]__
Date                                 Signature

**INSTRUCTIONS TO OFFENDER:** *This original is for you to keep.*

*IF YOU ARE NOT SATISFIED WITH THIS RESPONSE, YOU MAY WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS DECISION, SEEK JUDICIAL REVIEW PURSUANT TO R.S. 15:1177.*

**OFFENDER'S ORIGINAL** 4

## SICK CALL SHEET

INSTITUTION: WCI    DATE/TIME: 7-12-99
NAME: Jorge Estevez    DOC#: 75111    LOCATION: Rain-1
COMPLAINT: Dr Call

do referral to Urology @ MCLNO if agree c̄ orders of 6-30-99 & 7-1-99.

see last 2 pages 7-1-99 & 6-30-99

S/C

TREATMENT:
7-14-99 — Request copy D/S

Ziegland, RN

NURSE/MEDICAL SPECIALIST