UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED JUL 25 2001
LORETTA G. WHYTE
Clerk

| JORGE M. ESTEVEZ | CIVIL ACTION |
|---|---|
| vs. | NO: 00-0127 |
| JAMEELA Y. ARSHAD, ET AL | SECTION: "R" (4) |

## MOTION FOR A WRIT OF HABEAS CORPUS

TO THE COURT:

PRO SE PLAINTIFF, JORGE M. ESTEVEZ, REMOVED FROM THE UNITED STATES CONTRARY TO LAW, MOVES THIS HONORABLE COURT TO GRANT THIS WRIT OF HABEAS CORPUS FOR THE FOLLOWING:

A. THAT HIS REMOVAL FROM THE UNITED STATES CONTRARY TO LAW WITHOUT BEING AFFORDED HIS CONSTITUTIONAL RIGHT TO INVOKE THE DUE PROCESS CLAUSE, NOR PROVIDED THE TIME, NOR MEANS TO APPLY FOR A WAIVER OF GROUNDS OF EXCLUDABILITY PREVENTS HIM FROM PROPERLY LITIGATING THIS CLAIM.

B. THAT RECENTLY ON MAY 11, 2001 THE HONORABLE COURT APPOINTED PLAINTIFF COUNSEL TO REPRESENT HIM IN THIS SUBJECT MATTER HOWEVER PLAINTIFF BY VIRTUE OF HIS BEING REMOVED FROM THE UNITED STATES IS BEING DENIED HIS LEGAL RIGHT, IN THE BEST INTEREST OF JUSTICE, TO FREELY COMMUNICATE WITH COUNSEL AND ASSIST WITH THE LITIGATION OF THIS CLAIM FOR THE FOLLOWING:

Fee
Process
X Dktd
X CtRmDep
Doc. No.

1.) THIS SEPARATION PUTS AN UNJUST BURDEN ON PLAINTIFF AND COUNSEL TO FILE TIMELY MOTIONS WHILE CONSULTING WITH PLAINTIFF THROUGH THE UNITED STATES AND GUATEMALAN MAIL SERVICE.

    a.) TO INQUIRE AS TO ANY ASPECT OF THE CASE AND GET A REPLY TAKES APPROXIMATELY TWO WEEKS, TO ASK FOR CONSTANT INCREASES IN TIME EXTENTIONS WOULD NOT ONLY DELAY THIS CLAIM BUT WILL PUT A BURDEN ON THIS COURT.

    b.) THAT THOUGH PLAINTIFF HAS ACCESS TO A TELEPHONE NEITHER THE LAW STUDENTS AT LOYOLA LAW CLINIC NOR HE POSSES THE FUNDS REQUIRED BY THE TELEPHONE CO. FOR INTERNATIONAL PHONE RATES.

    c.) THE PLAINTIFF'S FAMILY MEMBERS WHO HAVE ASSISTED PLAINTIFF IN GATHERING PERTINENT INFORMATION HAVE CONFESED TO PLAINTIFF THAT THEY ARE OVERBURDENED BY THIS TELEPHONE RATE AND CAN NO LONGER AFFORD TO ASSIST PLAINTIFF.

C. PLAINTIFF'S IMMIDIATE DEPORTATION APPEARS TO BE AN ATTEMPT BY THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, AN ARM OF THE STATE, TO RETALIATE AGAINST PLAINTIFF FOR EXERCIZING HIS LEGAL RIGHT TO EMPLOY THE JUDICIAL SYSTEM AND AVOID THE ABOVE ENTITLED CLAIM.

    1.) THOUGH THE U.S. IMMIGRATION SERVICE MADE NO ATTEMPT TO LOCATE PLAINTIFF AND THERE WAS "NO" DETAINER PLACED ON PLAINTIFF TOWARDS HIS RELEASE WITHIN A WEEK OF HIS RELEASE HIS PAROLE OFFICER, AN EMPLOYEE OF THE LA. DEPT.

OF PUBLIC SAFETY AND CORRECTIONS, WITH NO PRIOR NOTIFICATION TO SEEK COUNSEL TURNED TURNED PLAINTIFF OVER TO THE IMMIGRATION SERVICE TO SEEK GROUNDS FOR HIS IMMIDIATE DEPORTATION.

2.) THOUGH NO TRIAL WAS HELD TO DETAIN THE PLAINTIFF HE WAS HANDCUFFED, BY HIS PAROLE OFFICER, UNTIL THE IMMIGRATION SERVICE COULD BE NOTIFIED. THEN TRANSFERED IMMIDIATELY BY THE IMMIGRATION SERVICE OUT OF STATE, TO THE MISSISSIPPI STATE HANCOCK COUNTY JAIL.

   a.) THERE HE WAS HOUSED, UNTIL DEPORTED, WITH NO ACCESS TO A LAW LIBRARY OR CONTACT WITH ANYONE TRAINED IN LAW TO AID IN SEEKING JUDICIAL REVIEW.

D. PLAINTIFF WAS REMOVED FROM THE UNITED STATES WITHOUT BEING PROVIDED HIS PHYSICIAN PRESCRIVED, AS THIS COURT IS AWARE, PHYSICAL THERAPY. AND WHILE UNDER MEDICAL CARE FOR A URINARY TRACK OPERATION HE UNDERWENT JUST WEEKS PRIOR TO HIS DEPORTATION.

1.) HE WAS DENIED, BY THE IMMIGRATION SERVICE, HIS FOLLOW UP APPOINTMENT, IN REGARDS TO HIS URINARY TRACK OPERATION, AT THE L.A. MEDICAL CENTER IN NEW ORLEANS.

   a.) AS A RESULT OF MISSING HIS PRESCRIVED MEDICAL APPOINTMENT AND THE DEFENDANTS IN THE ABOVE ENTITLED CASE FAILURE TO PROPERLY PROVIDE MEDICAL TREATMENTS WHEN FIRST PRESCRIBED PLAINTIFF, NOW IN GUATEMALA,

PAGE 3 OF 10

TY. IN SUPPORT OF THE SOUGHT WAIVER OF DEPORTATION PLAINTIFF STATES THE FOLLOWING.

a.) HE ENTERED THE UNITED STATES ON 6-5-1958 AS A LEGAL PERMANENT RESIDENT. ALIAN No.# A11-733-414.

b.) PLAINTIFF WAS DEPORTED IN 1975 UNDER SECTION 241 (a) (4) OF THE IMMIGRATION AND NATIONALITY ACT.

c.) THAT AGAIN ON OCT. 25, 1990 PLAINTIFF WAS FOUND DEPORTABLE BUT NO ATTEMPT WAS MADE BY THE IMMIGRATION SERVICE TO DEPORT HIM.

d.) PLAINTIFF WISHES TO CHALLENGE THE ORDER OF DEPORTATION IN 1975, THE FINDING OF DEPORTABLE IN 1990 AND THE PRESENT DEPORTATION ORDER OF 2000.

e.) PLAINTIFF CLAIMS ELIGIBILITY FOR RELIEF FROM DEPORTATION UNDER SECTION 212 (c) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. — 1182(c). SUCH RELIEF WAS DENIED IN 1990 BUT ONLY BECAUSE PLAINTIFF COULD SHOW NO MEANS OF SUPPORT OR EMPLOYMENT AT THE TIME DUE TO THE FACT THAT PLAINTIFF'S ATTORNEY MS. KATHERINE LAMPARD WAS DEFENDING HIS COUSIN CARLOS SOSA ON A COCAINE SALES CHARGE AND FEARED EXPOSING THE FACT THAT HE WAS EMPLOYED AS A SEE-EYE FOR THE U.S. FEDERAL MARSHALS UNDER AGENT MITCH UNDERWOOD AND FOR THE DRUG ENFORCEMENT AGENCY [DEA] UNDER AGENT JAMES "SKIP" SEWEL.

5.) THE PRINCIPAL RELATIVES IN THE UNITED STATES

PAGE 5 OF 10

THROUGH WHOM PLAINTIFF CLAIMS ELIGIBILITY FOR A WAIVER OF DEPORTATION ARE HIS MOTHER, A U.S. NATIONALIZED CITIZEN, MS. ELENA SOSA BORN NOV. 12, 1929 AND HIS (2) DAUGHTERS, CHANTELLE MARIE ESTEVEZ BORN MARCH 12, 1991 AND CYNTHIA ELENA ESTEVEZ BORN FEB. 27, 1992. BOTH BORN TO NOW DECEASED, MS. ANN MARIE MOSLEY AN AMERICAN BORN CITIZEN TO AMERICAN PARENTS.

a.) THAT FOR THE U.S. IMMIGRATION SERVICE TO NOT ONLY SEPARATE PLAINTIFF FROM HIS DAUGHTERS AT SUCH A YOUNG AGE BUT TO ALSO LEAVE THEM WITH NO PARENTS SOON AFTER THEIR MOTHERS DEATH WITHOUT AFFORDING PLAINTIFF JUDICIAL REVIEW IS A CRUEL AND UNJUST ACT CONTRARY TO THE LAWS OF THE UNITED STATES.

b.) NOT ONLY PLAINTIFF BUT HIS UNDERAGED AMERICAN BORN DAUGHTERS HAVE A LEGAL RIGHT TO DEMAND THEIR UNIFICATION.

6.) OTHER RELATIVES THROUGH WHOM PLAINTIFF CLAIMS ELIGIBILITY FOR A WAIVER OF DEPORTATION ARE:

a) HIS BROTHER ROBERT ANTHONY NAGIN AND HIS SON, ROBERT ANTHONY NAGIN JR. BOTH AMERICAN BORN CITIZENS.

b.) HIS SISTER MRS. MIROSLAVA ROMA BORN 7-21-54. A PERMANENT RESIDENT ALIEN WHO HAS RESIDED IN THE UNITED STATES THE PAST 43 YEARS.

c.) HIS BROTHER-IN-LAW ROBERTO ROMA A U.S. NATURALIZED CITIZEN WHO TOO HAS RESIDED IN THE U.S. THE PAST 15 TO 20 YEARS.

d.) His three nieces, born to his sister, Zenia Sophia Roma a U.S. born citizen presently serving in the U.S. Army. Jessica A. Roma whom along with her sister Elizabeth M. Roma are both U.S. born citizens are presently students in the U.S.

e) His two American born sons, Jorge Demian Mario Estevez and Dorian Neil Estevez both born to also now deceased Karen Elawe Gray an American born citizen of American parents.

f.) Plaintiff wishes the court to understand that with the majority of his family reciding in in the United States for the past 40-50 years he has so many born U.S. citizen relatives that he can not even begin to name them all.

## MEMORANDUM OF LAW

1. Aliens within the territory of the United States may invoke due process clause, and the principal applies to both resident and excludable aliens who have failed to effect unimpeded entry into the country. U.S.C.A Const. Amend. 5

   a) Though plaintiff was deported in 1975 and again found to be deportable in 1990, he was permitted to recide, another 10 years for a total of 25 years, within the territory of the united states and by law, prior to his removal from the country should have been provided both the time and means to invoke the due process clause.

2. Because the Fourteenth Amendment's limits on

STATE POWERS ARE SUBSTANTIALY DIFFERENT FROM THE CONSTITUTIONAL PROVISIONS APPLICABLE TO THE FEDERAL POWER OVER IMMIGRATION AND NATURALIZATION, PROVISIONS IN STATE LAWS RESPECTING ALIENS WHICH WOULD BE INVALID UNDER THE FOURTEENTH AMENDMENT ARE NOT NECESSARILY INVALID UNDER DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT WHEN CONTAINED IN FEDERAL LEGISLATION. U.S.C.A. CONST. AMENDS. 5, 14.

3. UNDER THE DUE PROCESS CLAUSE, RESIDENT ALIENS MAY NOT BE SUBJECTED TO DETENTION AMOUNTING TO PUNISHMENT WITHOUT TRIAL. U.S.C.A. CONST. AMEND 5.

   a) THAT TO DETAIN PLAINTIFF AND DETER HIM FROM KEEPING HIS MEDICALY PRESCRIBED UROLOGY CLINIC AFTER SURGURY FOLLOW UP APPOINTMENTS AND HIS PHYSICAL THERAPY APPOINTMENTS IS A FORM OF CRUEL AND UNUSUAL PUNISHMENT.

4. RESIDENT ALIENS, BY VIRTUE OF THEIR PRESENCE IN THE UNITED STATES, DEVELOPE AN INTEREST IN REMAINING THAT, TO A CERTAIN EXTENT, ENTITLES THEM TO PROCEDURAL DUE PROCESS BEFORE THEY MAY BE REMOVED FROM THE COUNTRY. U.S.C.A. CONST. AMEND. 5

   a) THOUGH PLAINTIFF WAS FOUND DEPORTABLE IN 1990, HE WAS PERMITTED BY THE UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE TO REMAIN IN THE UNITED STATES BUILDING STRONGER TIES AND FATHERING TWO MORE, AMERICAN BORN, CHILDREN. NOW WITH A TOTAL OF FOUR AMERICAN BORN CHILDREN, BEING THE ONLY LIVING PARENT, WITH NO PRIOR HEARING ON NOV. 2000 HE WAS UNCONSTITUTIONALY REMOVED FROM THE UNITED

PAGE 8 OF 10

STATES

a) ALIENS CAN CLAIM SOME CONSTITUTIONAL PROTECTIONS. <u>ZADVYDAS vs. UNDERDOWN</u>, <u>185 F.3d 279 (5TH CIRC. 1999)</u>

<u>WHEREFORE</u>, PLAINTIFF PRAYS THIS HONORABLE COURT WILL GRANT THIS WRIT IN ITS ENTIRETY AND ORDER THE UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE TO <u>RETURN PLAINTIFF TO THE UNITED STATES AND PERMIT HIM TO</u>:

1.) SEEK MEDICAL ATTENTION

2.) MEET AND ASSIST HIS APPOINTED COUNSEL

3.) INVOKE HIS LEGAL RIGHT TO PROCEDURAL DUE PROCESS AND APPLY FOR A WAIVER OF DEPORTATION.

SIGNED AND DONE THIS <u>17TH</u> DAY OF <u>JULY</u>, 2001

s/ Jorge M. Estevez
JORGE M. ESTEVEZ
38 CALLE 10-45 ZONA 8
GUATEMALA CITY, GUATEMALA

<u>MEMORANDUM IN SUPPORT</u>

PLAINTIFF STATES THAT SHOULD ASSISTANT ATTORNEY GENERAL, MS. M. PENN ARGUE THAT HE COULD PRESENT A DANGER TO SOCIETY OR THEIR VALUEBLES THAT:

1.) HE HAS NEVER BEEN CONVICTED OF MURDER OR ATTEMPTED MURDER.

PAGE 7 OF 10

2.) HE HAS NEVER BEEN CONVICTED OF SIMPLE OR ARMED ROBBERY.

3.) HE HAS NEVER BEEN CONVICTED OF AGRAVATED BATTERY.

4.) HIS ONLY CONVICTIONS HAVE BEEN FOR DRUGS AND COMMITING SIMPLE BURGLARIES TO PURCHASE DRUGS. SIMPLE DRUGS NOTHING HARD SUCH AS COCAINE OR HEROIN.

5.) PLAINTIFF STATES THAT SHOULD MS. PENN WORRY ABOUT HIS RETURNING TO A LIFE OF DRUGS AND SIMPLE BURGLARIES TO HAVE NO FEAR.
   a) PLAINTIFF IS DRUG FREE
   b.) PLAINTIFF IS WILLING TO BE PLACED ON A HOUSE ARREST PROGRAM.
   c.) SHOULD THIS MOTION BE GRANTED HE WILL RESIDE AT 9012 TANGLEWILD PLACE, RIVER RIDGE, LA. 70123 AND ONLY LEAVE TO ATTEND MEDICAL APPOINTMENTS AND ATTORNEY CONSULTATIONS.

SIGNED AND DONE THIS 17TH DAY OF JULY, 2001

s/ Jorge M. Estevez
JORGE M. ESTEVEZ
38 CALLE 10-45 ZONA 8
GUATEMALA CITY, GUATEMALA

PAGE 10 OF 10