FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP -5 PM 2:01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORGE M. ESTEVEZ | CIVIL ACTION |
| VERSUS | NO. 00-0127 |
| JAMEELA Y. ARSHAD, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court are defendants' objections to the Magistrate Judge's Partial Report and Recommendation. Having reviewed *de novo* the complaint, the record, the applicable law, the Partial Report and Recommendation of the United States Magistrate Judge, and defendants' objections thereto, the Court dismisses plaintiff's claims against defendants for failure to exhaust administrative remedies.

### I. Background

Plaintiff, Jorge M. Estevez, a state prisoner incarcerated in the Washington Correctional Institute ("WCI") at Angie, Louisiana, filed a complaint under 42 U.S.C. § 1983; Title II of

1

DATE OF ENTRY
SEP 0 5 2001

Fee____
Process____
X Dktd____
CtRmDep____
Doc.No.____

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; the Rehabilitation Act, 29 U.S.C. § 794(a); and various state law claims against named defendants. Estevez was released from WCI on November 8, 2000. After reviewing the record and conducting a *Spears* hearing to clarify the bases of plaintiff's claims, the Magistrate Judge issued a partial report and recommendation on October 26, 2000. The Magistrate Judge noted plaintiff's desire to dismiss Sheriff Harry Lee and determined, *sua sponte*, that plaintiff's claims for inadequate medical care under § 1983 and violation of the ADA were not frivolous.

On December 6, 2000, this Court dismissed plaintiff's claims against Sheriff Harry Lee and remanded the case to the Magistrate Judge. The Court ordered the Magistrate Judge to further consider defendants' countervailing arguments in determining whether plaintiff's complaints were frivolous. These arguments asserted, *inter alia*, that plaintiff failed to exhaust his administrative remedies, that the Department of Public Safety and Correction ("DOC") is entitled to Eleventh Amendment immunity, and that defendants are entitled to qualified immunity.

The Magistrate Judge issued a second partial report and recommendation on February 2, 2001. The report addressed the arguments and opposing motions of defendants Ed C. Day, Warden at WCI; Robert Tanner, Assistant Warden at WCI; Johnny Creed,

Assistant DOC Secretary; Richard L. Stalder, DOC Secretary; and the DOC itself. The report did not consider the motions on behalf of defendants Dr. Jameela Y. Arshad, a doctor at WCI; James Miller, Assistant Warden at WCI; Kathleen McGinnis, Hospital Administrator at WCI; Bessie Carter, Assistant Director of Nursing at WCI; Dr. Tran, a doctor at WCI; Lynn McCloud, Executive Officer for WCI; and Bill Breland, Executive Officer at WCI.

The Magistrate Judge dismissed the following claims as frivolous:

(1) Plaintiff's § 1983 claims seeking monetary damages against the DOC and defendants Day, Tanner, Creed, Stalder, Arshad, Miller, McGinnis, Carter, Tran, McCloud, and Breland, in their official capacities only, pursuant to the Eleventh Amendment;

(2) Plaintiff's state law claims seeking monetary damages against the DOC and defendants Day, Tanner, Creed, Stalder, Arshad, Miller, McGinnis, Carter, McCloud, and Breland, in their official capacities only, pursuant to the Eleventh Amendment;

(3) Plaintiff's ADA claims against defendants Day, Tanner, Creed, Stalder, Arshad, Miller, McGinnis, Carter, Tran, McCloud, and Breland, in their individual capacities only;

(4) Plaintiff's Rehabilitation Act Claims against

defendants Day, Tanner, Creed, Stalder, Arshad, Miller, McGinnis, Carter, McCloud, and Breland, in both their individual and official capacities; and

(5) Plaintiff's claim for injunctive relief to compel defendants to provide physical therapy, medical care, and access to rehabilitation and exercise equipment because plaintiff's claim was moot.

The Magistrate Judge further recommended that this Court:

(1) Grant defendants Day, Tanner, Creed, and Stalder's Motion to Reurge (Rec. Doc. 53);

(2) Grant defendant DOC's Motion to Reurge (Rec. Doc. 57).

(3) Grant defendants Stalder and Creed's Motion to Strike Plaintiff's Prayer for Attorney's Fees (Rec. Doc. 36).

(4) Deny defendant DOC's Motion to Dismiss (Rec. Doc. 26) as moot.

(5) Deny defendant DOC's request for costs in connection with the Motion to Dismiss.

The Magistrate Judge, with regards to defendants Day, Tanner, Creed, and Stalder's Motion for Summary Judgment (Rec. Doc. 75), recommended that this Court:

(1) Grant defendants Day, Tanner, and Creed's Motion on plaintiff's § 1983 claims arising out of their individual capacity on the basis of qualified immunity;

(2) Deny defendant Stalder's Motion on plaintiff's § 1983 claims arising out of his individual capacity on the basis of qualified immunity;

(3) Deny defendants Day, Tanner, Creed, and Stalder's Motion for Summary Judgment on plaintiff's ADA claims in defendants' official capacities;

(4) Deny defendants Day, Tanner, Creed, and Stalder's Motion on plaintiff's ADA and Rehabilitation Act claims as moot, in light of the Magistrate Judge's previous determinations;

(5) Deny defendants' request for costs in connection with the Motion for Summary Judgment; and

(6) Deny defendants Day, Tanner, Creed, and Stalder's Motion for Summary Judgment for plaintiff's failure to exhaust available administrative remedies.

Therefore, the Magistrate Judge recommended that plaintiff be allowed to proceed on the merits regarding the following claims:

(1) The ADA claims against the DOC, and defendants Day, Tanner, Creed, Stalder, Arshad, Miller, McGinnis, Carter, Tran, McCloud, and Breland, in their official capacities only;

(2) The § 1983 claims against defendants Stalder, Arshad, Miller, McGinnis, Carter, Tran, McCloud, and Breland in their individual capacities only; and

(3) The state law claims against defendants Stalder and Day in their individual capacities.

## II. Discussion

Under 42 U.S.C. § 1997e(a), a prisoner may bring no action under any federal law, unless all administrative remedies are exhausted. The statute reads:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e clearly precludes a prisoner from filing suit while his administrative complaint is pending. *See Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). Prisoner-plaintiffs in Louisiana must complete the administrative grievance procedure as defined by the Administrative Remedy Procedure Act ("ARP"), Louisiana Revised Statute Annotated, Section 15:1171. This statute was enacted as an "express authorization for the Louisiana Department of Public Safety and Corrections to promulgate administrative complaints procedures for the prison system." *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).

In this case, plaintiff concedes that he has not exhausted all of his administrative remedies. (Rec. Doc. 81). While plaintiff is no longer incarcerated, he is nonetheless required under La. Rev. Stat. Ann. § 15:1174 to exhaust the administrative

process. *See King v. Louisiana*, 754 So. 2d 1119, 1121-22 (La. App. 1 Cir. 2000).

Therefore in this case, the Court dismisses plaintiff's claim in its entirety without prejudice since he has not exhausted all of his administrative remedies. *See Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (holding that where a prisoner's prison condition suit consists of both administratively exhausted and unexhausted claims, a district court may dismiss the suit without prejudice); *see also Rivera v. Whitman*, WL 935320 (D.N.J. August 17, 2001)(holding that "the plain language of § 1997e(a), as well as the legislative intent and policy interests behind it, compels a 'total exhaustion' rule").

### III. Conclusion

Because Plaintiff's Complaint includes unexhausted claims, Section 1997e(a) requires that this Court dismiss without prejudice plaintiff's claim in its entirely pending exhaustion of his administrative grievance procedures.

New Orleans, Louisiana, this 5th day of September 2001.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT